```
RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DIANNE DULONG )
      Plaintiff, )
)
vs. ) C.A. No. _____
)
JOHN E. POTTER, POSTMASTER GENERAL )
      Defendant. )

**MAGISTRATE JUDGE** _____

### VERIFIED COMPLAINT
### (REQUEST FOR JURY TRIAL)

### Introduction

This is an action for damages and equitable relief by the Plaintiff, Dianne DuLong, against the Defendant, John E. Potter, Postmaster General, for harassment and discrimination in employment based on age, gender and retaliation in violation of the Plaintiff's 14th Amendment Rights, 42 U.S.C. § 1981, and 42 U.S.C. 1983.

### Parties

1.    The Plaintiff, Dianne DuLong (hereinafter "DuLong"), is an individual who resides at 9 Wareham Road, Plymouth, Plymouth County, MA 02360.

2.    The Defendant, John E. Potter, Postmaster General, with its regional office located at the Northeast Area Office, 6 Griffin Rd. N, Windsor CT 06006-7000. The Defendant, John E. Potter, at all times relevant to the Complaint herein was the Postmaster General, and employed by the United States Post Office at 475 L'Enfant Plaza, Washington, DC 20002.

1

## Jurisdiction

3. On May 12, 2003, DuLong timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), naming the United States Post Office and John E. Potter, Postmaster General as Respondents.

4. On September 7, 2004, pursuant to 29 C.F.R. 1601.8(e), DuLong removed her Charge from the EEOC in order to file a civil action.

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the claims raised under 42 U.S.C. § 1981, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims raised under 42 U.S.C. § 1983.

## FACTS

6. The Plaintiff first became employed with the Post Office on April 25, 1987 at the Buzzards Bay Post Office, Meetinghouse Lane, Buzzards Bay MA from 4/25/87 to 10/92. Thereafter it became the Cape Cod Processing & Distribution. In October of 2000 the facility moved to 25 Tobey Road, Wareham MA 02571.

7. The Plaintiff became the Clerk/Steno in October of 1989. At that time Plaintiff's supervisor was Cyril P. Dumas who now works in Providence.

8. In February 1993, Joseph Ferreira became the Plant Manager and Direct Report Supervisor to whom the Plaintiff reported.

9. From the outset, Ferreira treated the Plaintiff in a prejudicial and disdainful manner; especially after she filed her first complaint with the EEOC on September 11, 2000.

10. The Plaintiff was awarded a position that required training. In the presence of a supervisor, Ferreira denied the Plaintiff the training, which was a contractual guarantee.

11. Ferreira did not communicate with the Plaintiff regarding work issues necessary for her to do her job.

12. Ferreira badgered the Plaintiff about security duties with respect to the gate monitor (post 9/11). In addition, Ferreira also threatened to give the Plaintiff more work.

13. On November 28, 2001, Ferreira charged the Plaintiff as being absent without leave when she was not.

14. Beginning October and November 2001, Ferreira forced the Plaintiff to work in a hostile work area.

15. Ferreira made disparaging remarks about the Plaintiff's work.

16. Ferreira during a request for accommodations meeting said to the Plaintiff "You don't want to work at 4:00 AM". In addition, Ferreira met with the Plaintiff's steward privately and the Plaintiff had no knowledge of said meeting until she was called in.

17. Ferreira gave privileges to Ms. Patricia E. Monroe, Distribution Clerk (formerly Timekeeper) and denied same to the Plaintiff. Ms. Monroe always had preferential treatment, which became more pronounced after the Plaintiff filed her grievance in January, 2003.

18. Ferreira did not give the Plaintiff the same consideration for annual leave and change of schedules that he did for others.

19. Ferreira acted in an intimidating fashion towards the Plaintiff on a constant basis in an effort to establish an uncomfortable and stressful atmosphere at her place of employment.

20. Ferreira deliberately reduced the Plaintiff's workload with the intent of removing her from the position as a response to the Plaintiff's efforts to seek fair and equitable

treatment. This was accomplished by distributing her work to others and doing some of it himself.

21. Ferreira begrudgingly gave meager acknowledgment of jobs well done by the Plaintiff. At the same time, Ferreira approved generous monetary awards and glowing letters of recognition to people for minor accomplishments like showing up for work. Mostly male employees received these awards.

22. Ferreira told the Plaintiff her work was not as important as Ms. Monroe's.

23. Ferreira harassed the Plaintiff about breaks and lunchtimes and went so far as to wait for the Plaintiff at her desk and/or calling the Plaintiff on the phone at exactly the moment she was due to return, a treatment to which no other similarly situated employee was subjected.

24. Ferreira insisted the Plaintiff receive computer training from Providence Personnel (on two different occasions) and then interrupted said training.

25. Ferreira removed the Plaintiff from her job based on the pretext of a need for more help on the workroom floor, despite the fact that the available resources were not being utilized.

26. Ferreira deliberately posted the new administrator position without qualifications to ensure the Plaintiff would not regain the position. Typing skills were necessary for her position, but Ferreira deleted such requirements to avoid having to give the position to the Plaintiff.

27. Aaron Tobey, JR., President of the APWU, Local 6005 (hereinafter "Tobey") was aware of the situation that existed in the administrative area and allowed the hostile environment created by Ferreira to continue.

28    Tobey was aware that Ferreira attempted to force the Plaintiff to perform a function that the Plaintiff did not feel safe performing (monitoring duties-post 9/11).

29.   On November 28, 2001, Tobey was aware that Ferreira badgered the Plaintiff enough to reduce her to tears and forcing her to leave the building.

30.   In addition, Tobey and Ferreira were aware that the Plaintiff suffered from the following physical problems: osteoporosis, chronic fatigue syndrome, arthritis, fibromyalgia, stress and anxiety.

31.   As a result of Ferreira's influence, the Reasonable Accommodation Committee (RAC) treated the Plaintiff differently by refusing her requests for reasonable accommodations. Other employees had been accommodated by RAC and/or Ferreira.

32.   As a result of Ferreira's behavior toward the Plaintiff, the Plaintiff has filed the following Grievances with her Union:

   a. Grievance: 01-136-Monitor Duties – Date of Step 1: 11/27/01. The Complainant was forced to act as the security guard for the building (post 9/11). The monitor was removed, Ferreira angry over the matter and badgered the Plaintiff.
   b. Grievance: 01-156-AWOL Charge – Date of Step 1: 12/01/01. Ferreira's badgering of the Plaintiff caused her to leave the building and the Plaintiff was charged AWOL.
   c. Grievance: 02-44-Management doing Plaintiff's work – Date of Step 1: 9/25/02. A member of management was opening and distributing mail before the Plaintiff's arrival, taking work away from her.
   d. Grievance: 03-02-Disparate Treatment – Date of Step 1: 01/14/03. P. Monroe made her own schedule. The Plaintiff was not allowed to do the same. Ferreira went so far as to backdate Monroe's forms to make them appear as if they were submitted on time. Monroe was allowed games on her computer for entertainment, the Plaintiff was not. Monroe was allowed to use the time clock in her office; the Plaintiff was required to go to the floor. Monroe appeared to have two time cards. Monroe was allowed to block access to the Plaintiff's files, located behind her office. Ferreira tried to force the Plaintiff to enter this area despite her telling him she did not feel safe. Documented that Monroe has a volatile temper.
   e. Grievance: 03-19 – Management doing Plaintiff's work-Date of Step 1: 06/05/03. Ferreira began doing typing previously done by Plaintiff;

5

        Ferreira had others do typing previously done by Plaintiff; Ferreira began transporting work to the Plaintiff's desk rather than allowing Plaintiff to retrieve it from his desk as previously done; Ferreira was made aware that a member of management was emptying the daily mail pouch before the Plaintiff arrived for work. This was her job. Ferreira contacted Providence regarding casual hiring. This was previously done by Plaintiff as part of her job. Ferreira telephoned casuals himself with reporting time information, which previously had been done by the Plaintiff as part of her job.

    f.    Grievance: 03-23-Denied Reasonable Accommodations-Date of Step 1: 07/24/03. Ferreira and Sawyer met before the Plaintiff was called into Ferreira's office to discuss Plaintiff's accommodation request. Ferreira rushed the Plaintiff through the process, completing the form in a sloppy, haphazard, dismissive manner. Ferreira told the Plaintiff, "She did not want to work at 4:00 a.m." Ferreira questioned the Plaintiff's bid choices. Ferriera's input influenced the RAC committee's decision to deny the Plaintiff accommodation.

33.    As a result of the Defendant's behavior toward the Plaintiff, the Plaintiff has filed the following Complaints with the EEOC:

    a.    EEO Complaint: 1B0290001-01- training denied - filed 9/11/00. The Plaintiff was awarded a position that required training. In the presence of a supervisor, Ferreira denied the Plaintiff the training, which was a contractual guarantee.

    b.    EEO Complaint: 1B0290004-02 – charged AWOL – filed 11/28/01. Ferreira harassed the Plaintiff over the gate monitoring duties to the point where she left the building in tears. Despite the fact that the Plaintiff submitted a leave slip to Matthew Smolinsky, a 204B (acting supervisor with authority of a real supervisor), Ferreira chose to charge the Plaintiff AWOL instead of another form of approved leave.

    c.    EEO Complaint: 1B0290039-03 - Job Loss – filed 5/8/03. Ferriera dried up the Plaintiff's work with the intent of abolishing her position. At no time was there any discussion about reduction in workload. Ferriera, with the help of Tobey removed the Plaintiff from the administration area. Tobey did nothing to correct the hostile environment created by Ferreira.

## CAUSES OF ACTION

### Count I – Civil Rights Violations

34.    The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 33.

35. This action arises under Title 42 of the U.S. Code, Sections 1981 and 1983, and this Court has jurisdiction of the action under Title 28 of the U.S. Code, Sections 1331, 1332, 1342 and 1343.

36. The reasons given by the Defendants for termination of the Plaintiff were malicious, false and fabricated; and were conspired and contrived by Defendants and were intended and did defame, ridicule, harass and wrongly and unjustly accuse the Plaintiff of incompetence and seriously damaged her reputation.

37. The Plaintiff has been subjected, because of the above recited acts, to the deprivation by the Defendants under color or law, and of the customs and usages of the Commonwealth of Massachusetts, or rights, privileges and immunities secured to her by the Constitution and Laws of the United States and particularly, her right to enjoy those privileges essential to the orderly pursuit of happiness by free men, specifically her right to equal protection of the laws guaranteed by the Fourteenth Amendment to said Constitution.

38. The Plaintiff alleges that in doing the acts and things complained of above, the Defendant was engaged in a scheme and conspiracy designed and intended to deny and deprive the Plaintiff of rights guaranteed to her under the Constitution and Laws of the United States and of the Commonwealth of Massachusetts and particularly those hereinabove enumerated.

39. The Plaintiff alleges that the Defendant knew or should have known that Plaintiff's employment termination was based on the malicious and intentional acts of the Defendants to do her harm and injure her professionally. Further, the illegal action by the

Defendant was their participation in the conspiracy to deny Plaintiff a harmonious work environment and to deny Plaintiff her employment with the United States Postal Service.

40. The Plaintiff alleges that as the direct consequence and result of the acts of the Defendant, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity, she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $350,000.00.

**Wherefore**, the Plaintiff demands a judgment for damages both compensatory and punitive against the Defendants amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### Count II- Misrepresentation, Fraud and Deceit
### Against the United States Postal Service

41. The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 40.

42. The Defendant participated in intentional misrepresentations regarding the continued employment of DuLong.

43. The Defendant's Plant Manager, Ferreira made false accusations regarding the Plaintiff's performance and specifically falsely reported her absent without leave in November of 2001, all of which in effort fraudulently establish a negative performance record for the Plaintiff to facilitate her termination and/or elimination of her position.

44. These misrepresentations consisted of continuing to create and subject DuLong to a hostile work environment instead of working with her. As a result of these misrepresentations, fraud and deceit committed by the Defendant, the Plaintiff has sustained significant damages.

45. The Defendant manufactured false reports regarding the Plaintiff's performance to have a negative impact on her employment record to facilitate a wrongful termination of the Plaintiff.

46. The Defendant intentionally placed the Plaintiff in an environment of intentional harassment in an effort to aggravate her to force her to quit her position with the Defendant.

47. As a result of said wrongful termination, which was based upon Defendant's fraud and deceit the Plaintiff has suffered mental distress, damage to her reputation and public humiliation.

48. The acts of the Defendant were intentional and malicious as well as conspiratorial in nature.

49. The Defendant acted maliciously to harm the Plaintiff professionally and intended to destroy her professional career.

50. The actions of the Defendant are the proximate cause of extensive damage to the Plaintiff including, but not limited to the loss of past and future income, health insurance benefits and retirement benefits, all valued in excess of $350,000.00.

**Wherefore**, the Plaintiff, DuLong, demands a judgment for damages both compensatory and punitive against the Defendants in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

**THE PLAINTIFF REQUESTS A JURY TRIAL.**

THE PLAINTIFF,
Dianne DuLong
By her attorney

*/s/ Joseph R. Gallitano*

Joseph R. Gallitano
34 Main Street Ext., Suite 202
Plymouth, MA  02360
(508) 746-1500
BBO # 183700

Dated: December 6, 2004

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNE DULONG<br>　　　　　Plaintiff, | )<br>)<br>) |
| vs. | ) C.A. No. _____<br>) |
| JOHN E. POTTER, POSTMASTER GENERAL<br>　　　　　Defendant. | )<br>)<br>) |

### **VERIFICATION OF COMPLAINT**

I, Dianne DuLong, being first duly sworn, state that I am the Plaintiff in the above-entitled action, that I have read the foregoing Verified Complaint and know the contents thereof, and that the same is true to my own knowledge and belief.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Dianne DuLong

Dated: December 3, 2004

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Dianne DuLong

**DEFENDANTS**

John E. Potter, Postmaster General

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joseph R. Gallitano
Gallitano & Associates
34 Main St., Ext. Suite 202
Plymouth MA  02360 (508) 746-1500

ATTORNEYS (IF KNOWN)

Karen A. Cote
USPS Northeast Area Law Office
8 Griffin Road North
Windsor, CT  06006-0170 (860) 285-7023

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** |
| | | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | ☐ 871 IRS – Third Party 26 USC 7609 |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. 1983, violation of 14th Amendment Rights.

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: December 6, 2004

SIGNATURE OF ATTORNEY OF RECORD: *Joseph R. Gallitano*

**FOR OFFICE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Dianne DuLong vs.__
   __John E. Potter, Postmaster General__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES   (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)   NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       __EASTERN DIVISION__        CENTRAL DIVISION        WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION            CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph R. Gallitano__
ADDRESS __34 Main St. Ext., Suite 202, Plymouth MA 02360__
TELEPHONE NO. __(508) 746-1500__

(Cover sheet local.wpd - 11/27/00)