UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANNE DULONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 04-12552 NG |
| JOHN E. POTTER, Postmaster General | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

**INTRODUCTION**

The defendant, John E. Potter, Postmaster General submits this memorandum in support

of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  As more fully explained

below, Count I of the Complaint should be dismissed for failure to state a claim.  Count II of the

Complaint should be dismissed because the plaintiff failed to exhaust her administrative

remedies.

**STATEMENT OF FACTS**

The allegations of the complaint, construed in the light most favorable to the plaintiff, are

as follows.  This suit is brought for damages and equitable relief against the Postmaster General

of the United States, in his official capacity, for discrimination in employment based on age,

gender and retaliation.  Complaint at Introduction & ¶ 5.  The complaint also alleges a tort cause

of action.  Complaint at Count II.  Count I of the complaint alleges a violation of plaintiff's civil

rights under 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  Complaint ¶ 35.  Count II of the complaint

alleges "misrepresentation, fraud and deceit" against the United States Postal Service, although

not stated expressly, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), & 2671 *et. seq.*.  Complaint at Count II.

On May 12, 2003, the plaintiff, Dianne DuLong, filed a formal E.E.O. Complaint of Discrimination against the Post Office.  Complaint ¶ 3.  On September 7, 2004, the plaintiff removed her Complaint before the E.E.O.C. in order to file this civil action.  Complaint ¶ 4.  The plaintiff alleges that following the arrival of new Plant Manager, Joseph Ferreira, in 1993, the plaintiff was treated in a prejudicial and disdainful manner.  Complaint ¶¶ 8 & 9.  The plaintiff alleges that Ferreira, among other things: (1) did not communicate with the plaintiff about her job requirements, complaint ¶ 11; (2) badgered the plaintiff about security duty, complaint ¶ 12; (3) threatened to give the plaintiff more work, complaint ¶ 12; (4) charged the plaintiff as absent with out leave when she was not; complaint ¶ 13; (5) forced plaintiff to work in a hostile environment, complaint ¶ 14; (6) made disparaging remarks about plaintiff's work, complaint ¶ 15; gave preferential treatment to another female employee, complaint ¶¶ 17 & 22; (7) did not give the plaintiff the same consideration for annual leave and change of schedules that he did for others, complaint ¶ 18; (8) acted in an intimidating fashion, complaint ¶ 19; (9) reduced plaintiff's workload with the intent of removing her from her position, complaint ¶ 20; (10) begrudgingly gave meager acknowledgment of jobs well done; (11) harassed the plaintiff about breaks and lunchtime, complaint ¶ 23; (12) and interrupted computer training on two occasions, complaint ¶ 24.  This litany of allegations culminates with Ferreira removing plaintiff from her job as a Clerk/Stenographer and placing her on the workroom floor.  Complaint ¶ 25.

The plaintiff filed a formal E.E.O. complaint on May 12, 2003 based on Ferreira's April 29, 2003 decision to re-post the plaintiff and deem her to be an unencumbered employee.  See

Exhibit 1. The plaintiff filed her complaint in this Court on December 6, 2004. Count I of the

complaint raises the civil rights allegations alleged in her E.E.O. complaint. Complaint at Count

I. Count II of her Complaint alleges the torts of misrepresentation, fraud and deceit. Complaint

at Count II. More specifically, Count II alleges that the defendant participated in "intentional

misrepresentations regarding the continued employment of the plaintiff." Complaint ¶ 42.

Count II further alleges that Ferreira falsely reported her absent without leave in November 2001

in order to facilitate her termination and/or elimination of her position as a Clerk/Stenographer.

Complaint ¶ 43. As a result, plaintiff alleges that she has "suffered mental distress, damage to

her reputation and public humiliation." Complaint ¶ 47.

ARGUMENT

I.      COUNT I SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM
        BECAUSE 42 U.S.C. §§ 1981 and 1983 CANNOT BE ASSERTED AGAINST
        DEFENDANTS
        Count I of the plaintiff's complaint should be dismissed for failure to state a claim

because plaintiff cannot assert claims against the federal defendant pursuant to 42 U.S.C. §§

1981 & 1983.

        Plaintiff premises this action on 42 U.S.C. §§ 1981 & 1983. Section 1981 is restricted in

its scope to the forbidding of racial discrimination in the making or enforcement of contracts.

Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989); Dartmouth Review v. Dartmouth

College, 889 F.2d 13, 17 (1st Cir. 1989); see generally, Benjamin v. Aroostook Medical Center,

937 F. Supp. 957, 972 (D. Me. 1996). Section 1981 provides in pertinent part that:

> [a]ll persons within the jurisdiction of the United States shall have
> the same right in every state and Territory to make and enforce
> contracts, to sue, be parties, give evidence, and to the full and
> equal benefit of all laws and proceedings for the security of
> persons and property as is enjoyed by white citizens . . .

3

42 U.S.C. § 1981. As indicated above, the complaint does not allege any facts suggestive of

racial discrimination, and for this reason it fails to state a claim under § 1981.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any <u>State</u> or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 (emphasis added). Thus, Section 1983 does not generally apply to federal

officials acting under color of federal law. <u>See</u> <u>Soldevila v. Secretary of Agriculture</u>, 512 F.2d

427 (1st Cir. 1975); <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1987). Rather, by its

terms, Section 1983 applies only to actions under color of state law and does not ordinarily

provide a basis for claims against federal officials. The only possible exception occurs when

there is a conspiracy between state and federal officials resulting in abuse of authority derived

from state law. <u>Kletschka v. Driver</u>, 411 F.2d 436, 448 (2d. Cir. 1969). Here, the plaintiff

makes no such allegations.

Plaintiff has failed to allege any facts that would even suggest that the defendant acted

under color of state law. The plaintiff's claim must be dismissed.

I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER COUNT II
      BECAUSE PLAINTIFF HAS FAILED TO COMPLY WITH THE PROCEDURAL
      <u>REQUIREMENTS OF THE FEDERAL TORT CLAIMS ACT</u>

Count II of the plaintiff's complaint should be dismissed for lack of subject matter

jurisdiction because plaintiff has not presented her tort claim to the Postal Service as required by

28 U.S.C. § 2675(a). Section 2675(a) of the Federal Tort Claims Act ("FTCA") requires that:

An action shall not be instituted upon a claim against the United

> States for money damages for injury or loss of property or personal
> injury or death caused by the negligent or wrongful act or omission
> of any employee of the government while acting within the scope
> of his office or employment, unless the claimant shall have first
> presented the claim to the appropriate federal agency and his claim
> shall have been finally denied by the agency in writing and sent by
> certified or registered mail.

28 U.S.C. § 2675(a).  The regulations requiring notice to the federal agency under the FTCA

provide:

> [A] claim shall be deemed to have been presented when a federal
> agency receives from a claimant, or his duly authorized agent or
> representative an executed standard Form 95 or other written
> notification of an incident accompanied by a claim for money
> damages in a sum certain for injury to or loss of property, personal
> injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a).  See Cogburn v. United States, 717 F. Supp. 958, 963 (D. Mass. 1989).

The purpose of the statute is to provide notice by the claimant to the federal agency in

order to give an agency sufficient notice to commence investigation and place a value on the

claim.  See Attallah v. United States, 955 F.2d 776, 779 (1st Cir.1992);  Acosta v. United States,

2005 WL 757565, *3 (D. Me. 2005).  The failure to follow the claim procedures deprives the

United States District Court of jurisdiction over the tort claim against the United States.  Eveland

v. Director of Central Intelligence Agency, 843 F.2d 46, 50 (1st Cir. 1988).  In the present case,

the plaintiff failed to follow the FTCA's procedural requirements since plaintiff did not present a

tort claim to the Postal Service before filing her suit.  Plaintiff cannot rely upon her E.E.O.

complaint to be the basis of her tort claims because that complaint did not put the agency on

notice of the tort allegations nor did it place a value on any potential tort claims.  See Attallah,

955 F.2d at 779.

A.       Plaintiff Must Present A Tort Claim to the Agency.

The FTCA provides that "an action shall not be instituted upon a claim against the United

States for money damages" unless the claimant first exhausts his or her administrative remedies.

28 U.S.C. § 2675(a).  In essence, the administrative claim requirement mandates that plaintiffs

present a claim to the appropriate federal agency.  See Santiago-Ramirez v. Secretary of

Department of Defense, 984 F.2d 16, 18 (1st Cir.1993); Kokaras v. United States, 980 F.2d 20,

22 (1st Cir.1992); Corte-Real v. United States, 949 F.2d 484, 485-86 (1st Cir.1991).

Courts have consistently held that the presentation of an administrative claim pursuant to

28 U.S.C. § 2675(a) is a jurisdictional prerequisite to the filing of a suit under the FTCA.  Failure

to comply with the requirement therefore causes dismissal of the tort action.[1]  See, e.g., Eveland,

843 F.2d at 50; Cadwalder v. United States, 45 F.3d 297 (9th Cir. 1995); Schmidt v. United

States, 901 F.2d 680 (8th Cir. 1990); Free v. United States, 885 F.2d 840 (11th Cir. 1989);

Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186 (3rd Cir. 1989); Tidd v. United States,

786 F.2d 1565 (11th Cir. 1986); Jackson v. United States, 730 F.2d 808 (D.C. Cir. 1984).

Furthermore, there can be no waiver of this requirement.  See Casey v. U.S. Postal Service, 613

F.Supp. 362, 363 (D. Mass 1985)  (citing Blain v. United States, 552 F.2d 289, 290 (9th Cir.

1977)).  Because the notice of claim requirements are jurisdictional in nature, allegations of

presentment of a claim are necessary.  See Healy v. United States Postal Service, 677 F. Supp.

1284 (E.D.N.Y. 1987) (complaint deficient and case dismissed without prejudice where plaintiff

failed to allege presentation of claim); see also, 35A Am Jur 2d. § 213 ("complaint seeking

---

[1]  This interpretation is consistent with the statutory requirement that "tort claims against the
United States **shall** be barred unless they are first presented in writing to the appropriate Federal
agency."  28 U.S.C. § 2675 (emphasis added).

recovery from the United States under the Federal Tort Claims Act must contain allegations

demonstrating compliance with the statutory administrative exhaustion requirements.  A vague

allegation unsubstantiated by facts is insufficient to satisfy this pleading requirement").  Here,

the plaintiff makes no allegation that she complied with the statutory exhaustion requirements.

Courts uniformly define satisfactory notice under section 2675 as a Standard Form 95 or

other written notification which includes (1) sufficient information for the agency to investigate

the claims, and (2) a sum certain amount of damages sought.  See, Santiago-Ramirez v. Secretary

of Department of Defense, 984 F.2d 16, 19 (1st Cir. 1993); Lopez v. United States, 349

F.Supp.2d 179, 183 (D. Mass. 2004).

As mentioned earlier, the Attorney General's regulations dictate the prerequisites of filing

a proper claim under §2675.  Specifically, 28 C.F.R. § 14.2(a) provides that "a claim shall be

deemed to have been presented when a Federal agency receives from a claimant, his duly

authorized agent or legal representative, an executed Standard Form 95 or other written

notification of an incident, accompanied by a claim for money damages in a sum certain for

injury to or loss of property, personal injury, or death alleged to have occurred by reason of the

incident."  The confluence of the regulations with section 2675 usually results in judicial

acceptance of the requirements.[2]

---

[2] The fact that the United States has constructive or actual notice of the potential claim does
not vitiate the statutory requirements.  Burns v. United States, 764 F.2d 722, 725 (9th Cir. 1985)
(court rejected letter to Senator as sufficient notice to agency); Mosseri v. F.D.I.C., 924 F. Supp.
605, 607-08 (S.D.N.Y. 1996) (letters to Congresswoman and Senator fail to satisfy the
exhaustion requirement);  Decker v. United States, 603 F. Supp. 40 (S.D. Ohio 1984) (oral
inquiries and request for death benefits does not satisfy requirement).  Instead, the proper
government agency must be presented with a sum certain damage request and sufficient factual
predicate to enable investigation of the claim.  See Farmers State Savings Bank v. Farmers Home
Administration, 866 F.2d 276, 277 (8th Cir. 1989).

Here, the plaintiff did not file an administrative claim regarding her tort allegations. The only administrative claim that she filed was an E.E.O. complaint. While th E.E.O. complaint listed her allegations of civil right violations, it did not mention a tort allegation, nor did it have a claim for damages. In fact, the plaintiff's E.E.O. complaint made no mention of damages in the section requesting the remedy sought. See Exhibit 1. Instead, the plaintiff sought only "[t]o retain my Clerk/Stenographer position." See Exhibit 1. Clearly, the plaintiff has failed to allege facts that demonstrate compliance with administrative procedures, provide notice to the United States of the allegations, and identify and amount of "sum certain" damages.

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss the complaint should be granted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


    /s/ Jeffrey M. Cohen
By:   Jeffrey M. Cohen
      Assistant U.S. Attorney
      John Joseph Moakley Federal Courthouse
      One Courthouse Way, Suite 9200
      Boston, MA   02210
Dated: May 2, 2005      (617) 748-3100

### CERTIFICATE OF SERVICE

I certify that on May 2, 2005, I caused a copy of the foregoing Memorandum to be served on Plaintiff by first class mail, postage pre-paid to:

Joseph Gallitano
Gallitano & Associates
34 Main St., Ext., Suite 202
Plymouth, MA 02360

    /s/ Jeffrey M. Cohen
Jeffrey M. Cohen
Assistant U.S. Attorney

**UNITED STATES POSTAL SERVICE®**

# EEO Complaint of Discrimination in the Postal Service

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name | 2. SSN | 3. Case No. |
|---|---|---|
| DIANNE E. DULONG | 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 | 1B-029-0039-03 |

| 4a. Mailing Address – Street or PO Box | 4b. City State & Zip +4 |
|---|---|
| 9 Wareham Road | Plymouth MA 02360-3234 |

| 5. Email Address* | 6. Home Phone | 7. Work Phone |
|---|---|---|
| none | (508) 224-6980 | (508) 291-8705 |

| 8. Position Title (USPS Employees Only) | 9. Grade Level (USPS Employees Only) | 10. Do you have Veteran's Preference Eligibility? |
|---|---|---|
| Clk/Steno (until 5/3/03) | 5 | ☐ Yes ☒ No |

| 11. Installation Where You Believe the Discrimination Occurred (Identify Installation, City, State, and Zip+4) | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory |
|---|---|
| CCP&D<br>25 Tobey Road<br>Wareham MA 02571-9701 | Joseph M. Ferreira<br>Plant Manager |

RECEIVED  MAY 13 2003  EEO OFFICE USPS PROVIDENCE RI 02904

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|
| NA at present time | |

| 13c. Mailing Address (Street or P.O. Box) | 13d. City, State and Zip +4 |
|---|---|
| | |

| 13e. Email Address* | 13f. Home Phone | 13g. Work Phone |
|---|---|---|
| | ( ) | ( ) |

| 14. Type of Discrimination You Are Alleging | | 15. Date on which alleged act(s) of Discrimination Took Place |
|---|---|---|
| ☐ Race (Specify): | ☒ Sex (Specify): female | 04-29-03 |
| ☐ Color (Specify): | ☒ Age (40+) (Specify): 07-25-44 | *grievance #03-02, also |
| ☐ Religion (Specify): | ☒ Retaliation (Specify): 1B0290001-01 | has bearing on this clai |
| ☐ National Origin (Specify): | ☐ Disability (Specify): 1B0290004-02 | |

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, (that complaint may be amended. 29 C.F.R § 1614.106(d)*

I allege discrimination based on gender, age and retaliation in that on April 29, 2003 I was notified that my job would be reposted and effective May 3, 2003 I was deemed to be an unencumbered employee. The points I would like to make in support of this claim are:

1. Disparate treatment in that I have been held to a different standard of performance than other clerk(s) in the front office.
2. I have been subjected to harrassment at the hands of the plant manager and the union president.
3. I believe that my job abolishment is due to previous grievance and EEO activity that was necessary.
4. I believe the plant manager has deliberately "dried up" my duties to justify his actions.
5. The plant manager has pursued this action will full knowledge of my age, health and physical limitations. (exceptions were made for the other clerk in the administrative area). In doing so, he is aware it will be impossible for me to do the type of work and to maintain the hours as posted. Also, I believe my position was deliberately posted without qualifications to ensure I would not/could not be a successful bidder.

17. What Remedy Are You Seeking to Resolve this Complaint?

To retain my Clerk/Stenographer position - same hours, NS days and duties

| 18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™* mediator? | |
|---|---|
| ☒ Yes  5/8/2003 <br> (Date You Received the Notice of Final Interview) | ☐ No |

| 19a. Signature of Dispute Resolution Specialist | 19b. Date |
|---|---|
| *[signature]* | 5/8/2003 |

| 20. Signature of Complainant or Complainant's Attorney | 21. Date of this Complaint |
|---|---|
| *[signature]* | 5/12/03 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

PAGE 201

PS Form 2565, March 2001 (page 1 of 2)

## Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## Instructions

A. Use this form to file a formal complaint if you are an employee or applicant for employment who believes that you have been discriminated against by the Postal Service because of your race, color, religion, sex, age (40+), national origin or disability. You must have presented the matter to an EEO dispute resolution specialist within 45 calendar days of the date the incident occurred, or, if a personnel action was involved, within 45 calendar days of the effective date of the personnel action.

B. Unless you have agreed to extend the 30-day period for an additional 60 calendar days, you will receive a notice of right to file a formal complaint within 30 calendar days from the date of your first contact with the EEO Office. You must file your formal complaint within 15 calendar days of the date on which you receive your notice of right to file. If you do not receive a notice of right to file within the appropriate time period, you may file a formal complaint at any time thereafter, up to 15 calendar days after receiving the notice.

C. If you have agreed to participate in alternative dispute resolution (ADR), the informal process must be completed within 90 calendar days of your first contact with the EEO office. You have the right to file a formal complaint at any time thereafter, up to 15 calendar days after you have received your notice of right to file.

D. Your notice of right to file contains the address where your formal complaint must be mailed or delivered. The formal complaint will be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 days of the expiration of the filing period.

E. The time limits for filing a formal complaint may be extended if you show that you were prevented by circumstances beyond your control from timely submitting the complaint, or if you present other reasons considered sufficient by the Postal Service.

F. If you need help preparing this form, you may obtain assistance from a representative of your choice. You may also seek guidance from the dispute resolution specialist who issued you the notice of right to file.

G. Your formal complaint must be in writing and must be signed and dated by you or your attorney. You are entitled to a representative of your choice at all stages of the EEO complaint process; however, only an attorney can sign official EEO documents on your behalf.

H. If your written complaint is accepted, it will be assigned to an EEO complaints investigator who will provide you with an opportunity to present all the facts that you believe resulted in the alleged discrimination. The EEO complaints investigator will conduct a thorough review of the circumstances under which the alleged discrimination occurred.

I. While your complaint is under investigation, you may amend it to add claims that are like or related. Contact the EEO office for the address where your written amendment request must be mailed or delivered.

J. You and your representative will each be provided a copy of the completed investigative file. You have the right to request a hearing within 30 calendar days of the date you receive the investigative file by mailing or delivering your request to the appropriate Equal Employment Opportunity Commission (EEOC) District Office with a copy to the area Manager, EEO Compliance & Appeals. If you are represented by an attorney, the 30-day period will begin on the date your attorney receives a copy of the case file. Instead of requesting a hearing, you may request an agency decision without a hearing and the head of the agency or his/her designee will issue you a decision letter with appeal rights.

K. If you request a hearing, the EEOC will appoint an administrative judge (AJ) to conduct the hearing. The AJ will notify you and the Postal Service of the right to seek discovery prior to the hearing to develop evidence reasonably on matters relevant to the issues raised in the complaint(s) to be heard. Attendance at the hearing will be limited to persons the administrative judge determines have direct knowledge relating to the complaint. Hearings are part of the investigative process and are closed to the public.

L. Following the hearing, the AJ will send you copy of the hearing record, including the transcript and his/her decision. The head of the agency, or his/her designee, will review the entire record, including the transcript, and will determine whether or not to implement the AJ's decision. You will receive the agency's notification of final action within 40 days of the date the agency receives the AJ's decision. If the agency's final action will not fully implement the AJ's decision, the agency must appeal to the EEOC. A copy of the Postal Service's appeal will be attached to your notification of final action.

M. If you are not satisfied with the decision of the AJ, or the agency's final action on the decision, you have the right to appeal within 30 calendar days after receiving notification of the agency's final action. Your appeal must be mailed to the EEOC at the following address:

   EEOC
   OFFICE OF FEDERAL OPERATIONS
   PO BOX 19848
   WASHINGTON DC 20036-9848

N. In lieu of filing an appeal of the agency's final action to the EEOC's Office of Federal Operations (OFO), you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the agency's final action.

O. You may also file a civil action in an appropriate U.S. district court: after 180 days have passed from the date you filed the complaint, if the final agency action has not been issued and an appeal has not been filed; within 90 days of receipt of the OFO's decision on your appeal; or after 180 days have passed from the date you filed your appeal with the OFO, if there has been no decision issued on that appeal.

P. Special statutory provisions in Public 93-259 relate to age discrimination. The Public Law sets forth the right to by-pass the administrative complaint processing procedure and file a civil action. For additional information, contact the EEO office.

Q. Under the Equal Pay Act, you have the right to file a civil action without exhausting the administrative procedures.

R. You must keep the EEO complaint processing office aware of your current mailing address at all times. Failure to notify the EEO complaint processing office and the EEOC of an address change could result in the dismissal of your complaint.

**PAGE 2a2**

PS Form 2565, March 2001 *(Page 2 of 2)*



D. DuLong
9 Wareham Road
Plymouth, MA 02360-8234

RECEIVED
MAY 13 2003
EEO OFFICE USPS
PROVIDENCE RI 02904

02904#9411 C000

Mr. Richard Shayer
EEO Dispute Resolution Spec.
24 Corliss Street
Providence RI 02904-9411

**PAGE** 203