UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| DIANNE DULONG | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) C.A. No. 1:04-cv-12552 |
| | ) |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) |
| JOSEPH M. FERREIRA, Individually, AARON | ) |
| TOBEY, JR., Individually and as President of the | ) |
| APWU, Local 6005, and the AMERICAN POSTAL | ) |
| WORKERS UNION AFL-CIO, CAPE COD AREA | ) |
| LOCAL 6005, | ) |
| Defendants. | ) |

_____

## AMENDED VERIFIED COMPLAINT
### (REQUEST FOR JURY TRIAL)

### Introduction

This is an action for damages and equitable relief by the Plaintiff, Dianne
DuLong, against the Defendants, John E. Potter, Postmaster General, Joseph M. Ferreira
and Aaron Tobey, Jr. for harassment and discrimination in employment based on age,
gender and retaliation in violation of the Plaintiff's 14th Amendment Rights and claims
set forth in her EEOC filing dated May 12, 2003 and transferred to the Federal Court on
December 6, 2004, pursuant to 29 C.F.R. 1601.28(d), (1), (2), (e), (4), breach of contract
and implied covenant of good faith dealings, wrongful termination and intent.

### Parties

1.      The Plaintiff, Dianne DuLong (hereinafter "DuLong"), is an individual who

resides at 9 Wareham Road, Plymouth, Plymouth County, MA 02360.

1

2.    The Defendant, John E. Potter, Postmaster General, with its regional office located at the Northeast Area Office, 6 Griffin Rd. N, Windsor, CT 06006-7000. The Defendant, John E. Potter, at all times relevant to the Complaint herein was the Postmaster General, and employed by the United States Post Office at 475 L'Enfant Plaza, Washington, DC 20002.

3.    The Defendant, Joseph M. Ferreira, (hereinafter "Ferreira), is an individual who resides at 688 Copicut Rd., North Dartmouth, MA 02747. Ferreira is being sued individually and in his capacity as Plant Manager.

4.    The Defendant, Aaron Tobey, Jr. (hereinafter "Tobey), is an individual who resides at 46 Old Powderhouse Rd., Lakeville, MA 02347. Tobey is being sued individually and in his capacity as President of the APWU, Local 6005.

5.    The Defendant, American Postal Workers Union, AFL-CIO, Cape Cod Area Local 6005, (hereinafter APWU, Local 6005), 25 Tobey Road, Wareham, MA 02571 and a mailing address of P. O. Box 7781, W. Wareham, MA 02576. At all times relevant to the Amended Verified Complaint the United States Postal Service had an Agreement with the American Postal Workers Union, AFL-CIO.

## JURISDICTION

6.    On May 12, 2003, DuLong timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), naming the United States Post Office and John E. Potter, Postmaster General as Respondents.

7.    On September 7, 2004, pursuant to 29 C.F.R. 1601.28(d), (1), (2), (e), (4), DuLong removed her Charge from the EEOC in order to file a civil action.

## **FACTS**

8.      The Plaintiff first became employed with the Post Office on April 25, 1987, at the Buzzards Bay Post Office, Meetinghouse Lane, Buzzards Bay, MA from 4/25/87 to 10/92.  Thereafter it became the Cape Cod Processing & Distribution. In October of 2000 the facility moved to 25 Tobey Road, Wareham MA  02571.

9.      Plaintiff is a member of Local 6005 of the Postal Workers Union and her employment is governed in part by collective bargaining contract then and now is in existence.

10.      The Plaintiff became the Clerk/Steno in October of 1989.  At that time Plaintiff's supervisor was Cyril P. Dumas who now works in Providence.

11.      In February 1993, Joseph Ferreira became the Plant Manager and Direct Report Supervisor to whom the Plaintiff reported.

12.      From the outset, Ferreira treated the Plaintiff in a prejudicial and disdainful manner; especially after she filed her first complaint with the EEOC on September 11, 2000.

13.      Ferreira's treatment of the Plaintiff was unlike the way he treated all other postal employees under his supervision.

14.       The Plaintiff was awarded a position that required training.  In the presence of a supervisor, Ferreira denied the Plaintiff the training, which was a contractual guarantee.

15.      Ferreira did not communicate with the Plaintiff regarding work issues necessary for her to do her job.

16.      Ferreira badgered the Plaintiff about security duties with respect to the gate monitor (post 9/11).  In addition, Ferreira also threatened to give the Plaintiff more work.

17.     On November 28, 2001, Ferreira charged the Plaintiff as being absent without leave when she was not.

18.     Beginning October and November 2001, Ferreira forced the Plaintiff to work in a hostile work area.

19.     Ferreira made disparaging remarks about the Plaintiff's work.

20.     Ferreira during a request for accommodations meeting said to the Plaintiff "You don't want to work at 4:00 AM".  In addition, Ferreira met with the Plaintiff's steward privately and the Plaintiff had no knowledge of said meeting until she was called in.

21.     Ferreira gave privileges to Ms. Patricia E. Monroe, Distribution Clerk (formerly Timekeeper) and denied same to the Plaintiff.  Ms. Monroe always had preferential treatment, which became more pronounced after the Plaintiff filed her grievance in January, 2003.

22.     Ferreira did not give the Plaintiff the same consideration for annual leave and change of schedules that he did for others.

23.     Ferreira acted in an intimidating fashion towards the Plaintiff on a constant basis in an effort to establish an uncomfortable and stressful atmosphere at her place of employment.

24.     Ferreira deliberately reduced the Plaintiff's workload with the intent of removing her from the position as a response to the Plaintiff's efforts to seek fair and equitable treatment. This was accomplished by distributing her work to others and doing some of it himself.

25.     Ferreira begrudgingly gave meager acknowledgment of jobs well done by the Plaintiff.  At the same time, Ferreira approved generous monetary awards and glowing

letters of recognition to people for minor accomplishments like showing up for work. Mostly male employees received these awards.

26.      Ferreira told the Plaintiff her work was not as important as Ms. Monroe's.

27.      Ferreira harassed the Plaintiff about breaks and lunchtimes and went so far as to wait for the Plaintiff at her desk and/or calling the Plaintiff on the phone at exactly the moment she was due to return, a treatment to which no other similarly situated employee was subjected.

28.      Ferreira insisted the Plaintiff receive computer training from Providence Personnel (on two different occasions) and then interrupted said training.

29.      Ferreira removed the Plaintiff from her job based on the pretext of a need for more help on the workroom floor, despite the fact that the available resources were not being utilized.

30.      Ferreira deliberately posted the new administration position without qualifications to ensure the Plaintiff would not regain the position. Typing skills were necessary for her position, but Ferreira deleted such requirements to avoid having to give the position to the Plaintiff.

31.      Aaron Tobey, Jr., President of the APWU, Local 6005 (hereinafter "Tobey") was aware of the situation that existed in the administrative area and allowed the hostile environment created by Ferreira to continue.

32.      Tobey's treatment of the Plaintiff was unlike the treatment that he showed to all other members of the bargaining unit.

33.      Tobey was aware that Ferreira attempted to force the Plaintiff to perform a function that the Plaintiff did not feel safe performing (monitoring duties-post 9/11).

5

34.     On November 28, 2001, Tobey was aware that Ferreira badgered the Plaintiff

enough to reduce her to tears and forcing her to leave the building.

35.     In addition, Tobey and Ferreira were aware that the Plaintiff suffered from the

following physical problems:  osteoporosis, chronic fatigue syndrome, arthritis,

fibromyalgia, stress and anxiety.

36.     As a result of Ferreira's influence, the Reasonable Accommodation Committee

(RAC) treated the Plaintiff differently by refusing her requests for reasonable

accommodations.  Other employees had been accommodated by RAC and/or Ferreira.

37.     As a result of Ferreira's behavior toward the Plaintiff, the Plaintiff has filed the

following Grievances with her Union:

- a.     Grievance:  01-136-Monitor Duties – Date of Step 1:  11/27/01.  The Complainant was forced to act as the security guard for the building (post 9/11). The monitor was removed, Ferreira angry over the matter and badgered the Plaintiff.
- b.     Grievance:  01-156-AWOL Charge – Date of Step 1:  12/01/01.  Ferreira's badgering of the Plaintiff caused her to leave the building and the Plaintiff was charged AWOL.
- c.     Grievance:  02-44-Management doing Plaintiff's work – Date of Step 1: 9/25/02.  A member of management was opening and distributing mail before the Plaintiff's arrival, taking work away from her.
- d.     Grievance:  03-02-Disparate Treatment – Date of Step 1: 01/14/03.  P. Monroe made her own schedule.  The Plaintiff was not allowed to do the same.  Ferreira went so far as to backdate Monroe's forms to make them appear as if they were submitted on time.  Monroe was allowed games on her computer for entertainment, the Plaintiff was not.  Monroe was allowed to use the time clock in her office; the Plaintiff was required to go to the floor.  Monroe appeared to have two time cards.  Monroe was allowed to block access to the Plaintiff's files, located behind her office. Ferreira tried to force the Plaintiff to enter this area despite her telling him she did not feel safe.  Documented that Monroe has a volatile temper.
- e.     Grievance:  03-19 – Management doing Plaintiff's work-Date of Step 1: 06/05/03.  Ferreira began doing typing previously done by Plaintiff; Ferreira had others do typing previously done by Plaintiff; Ferreira began transporting work to the Plaintiff's desk rather than allowing Plaintiff to retrieve it from his desk as previously done; Ferreira was made aware that a member of management was emptying the daily mail pouch before the

Plaintiff arrived for work. This was her job. Ferreira contacted Providence regarding casual hiring. This was previously done by Plaintiff as part of her job. Ferreira telephoned casuals himself with reporting time information, which previously had been done by the Plaintiff as part of her job.

f.    Grievance: 03-23-Denied Reasonable Accommodations-Date of Step 1: 07/24/03. Ferreira and Sawyer met before the Plaintiff was called into Ferreira's office to discuss Plaintiff's accommodation request. Ferreira rushed the Plaintiff through the process, completing the form in a sloppy, haphazard, dismissive manner. Ferreira told the Plaintiff, "She did not want to work at 4:00 a.m." Ferreira questioned the Plaintiff's bid choices. Ferreira's input influenced the RAC committee's decision to deny the Plaintiff accommodation.

38.    As a result of the Defendant's behavior toward the Plaintiff, the Plaintiff has filed

the following Complaints with the EEOC:

a.    EEO Complaint: 1B0290001-01- training denied - filed 9/11/00. The Plaintiff was awarded a position that required training. In the presence of a supervisor, Ferreira denied the Plaintiff the training, which was a contractual guarantee.

b.    EEO Complaint: 1B0290004-02 – charged AWOL – filed 11/28/01. Ferreira harassed the Plaintiff over the gate monitoring duties to the point where she left the building in tears. Despite the fact that the Plaintiff submitted a leave slip to Matthew Smolinsky, a 204B (acting supervisor with authority of a real supervisor), Ferreira chose to charge the Plaintiff AWOL instead of another form of approved leave.

c.    EEO Complaint: 1B0290039-03 - Job Loss – filed 5/8/03. Ferreira dried up the Plaintiff's work with the intent of abolishing her position. At no time was there any discussion about reduction in workload. Ferreira, with the help of Tobey removed the Plaintiff from the administration area. Tobey did nothing to correct the hostile environment created by Ferreira.

**CAUSES OF ACTION**

**COUNT I – Discrimination based on age and sex
and retaliation for EEOC filing- transfer of
EEOC Filing to Federal District Court**

39.    The Plaintiff, DuLong, realleges and incorporates by reference herein the

allegations set forth in paragraphs 1 through 38.

40.     On May 12, 2003, DuLong filed a discrimination claim against the United States Postal Service with the New York District Office of the Equal Employment Opportunity Commission ("EEOC").  (A copy is enclosed herewith and marked Exhibit A).

41.     On September 7, 2004 DuLong requested a Notice of Right to Sue pursuant to 29 C.F.R. § 1601.28 (d), (1), (2), (e), (4) against the United States Postal Service under Title VII of the Civil Rights Act of 1964 ("Title VII").  (A copy is enclosed herewith and marked Exhibit B).

42.     On September 7, 2004, Kevin J. Berry, Administrative Judge entered a Dismissal Order allowing DuLong to file private suit in the Federal District Court.   (A copy is enclosed herewith and marked Exhibit C).

43.     Said Verified Complaint was filed within 90 days of the Dismissal Order.

44.     At all times relevant hereto, while DuLong was an employee of the United States Postal Service, DuLong was subjected to age and sex discrimination by her direct supervisor Joseph Ferreira.

45.     As a result of this discrimination inflicted upon DuLong, DuLong suffered emotional damages for which the United States Postal Service is liable under Title VII.


### COUNT II – Civil Rights Violations-Against the Defendant John E. Potter, Postmaster General

46.     The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 45.

47.     The reasons given by the Defendants for termination of the Plaintiff were malicious, false and fabricated; and were conspired and contrived by Defendants and

were intended and did defame, ridicule, harass and wrongly and unjustly accuse the Plaintiff of incompetence and seriously damaged her reputation.

48.      The Plaintiff has been subjected, because of the above recited acts, to the deprivation by the Defendants under color or law, and of the customs and usages of the Commonwealth of Massachusetts, or rights, privileges and immunities secured to her by the Constitution and Laws of the United States and particularly, her right to enjoy those privileges essential to the orderly pursuit of happiness by free men, specifically her right to equal protection of the laws guaranteed by the Fourteenth Amendment to said Constitution.

49.      The Plaintiff alleges that in doing the acts and things complained of above, the Defendant was engaged in a scheme and conspiracy designed and intended to deny and deprive the Plaintiff of rights guaranteed to her under the Constitution and Laws of the United States and of the Commonwealth of Massachusetts and particularly those hereinabove enumerated.

50.      The Plaintiff alleges that the Defendant knew or should have known that Plaintiff's employment termination was based on the malicious and intentional acts of the Defendants to do her harm and injure her professionally.  Further, the illegal action by the Defendant was their participation in the conspiracy to deny Plaintiff a harmonious work environment and to deny Plaintiff her employment with the United States Postal Service.

51.      The reduction in work force as the reason for abolishing Plaintiff's position of employment was a pretext to wrongfully terminate her, as part of a purposeful discrimination against her with intent to maliciously harm her.

52.    The Plaintiff alleges that as the direct consequence and result of the acts of the Defendant, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity, she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $350,000.00.

**Wherefore**, the Plaintiff demands a judgment for damages both compensatory and punitive against the Defendant John E. Potter, Postmaster General, in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

### COUNT III-Retaliation for filing complaints with the EEOC

53.    The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 52.

54.    While being employed, the Plaintiff filed numerous complaints in the form of grievances under the collective bargaining agreement.

55.    While employed, the Plaintiff complained on numerous occasions about working conditions including but not limited to those referred to herein.

56.    While employed, the Plaintiff filed charges with the Equal Employment Opportunity Commission.

57.    Defendants have by the conduct cited herein unlawfully retaliated against the Plaintiff because of each instance where she engaged in protected activity by filing each grievance, complaining about working conditions, and the filing of charges with the Equal Employment Opportunity Commission.

58.    In each instance Defendants' have engaged in conduct that violates public policy and in the stances where Defendants have practiced reprisals against Plaintiff for filing charges with the Equal Employment Opportunity Commission they have done so in violation of 42 U.S.C.2000e-(16).

Wherefore, the Plaintiff alleges that the Defendants have by this conduct caused the Plaintiff to suffer anxiety, mental distress, much discomfort, embarrassment and ridicule and as a direct consequence her reputation has been damager, her earning capacity severely diminished; she suffered a loss of income, a loss of health benefits, future income and retirement benefits in excess of $350,000.00.


### COUNT IV-Breach of Employment Contract- Against the Defendant John E. Potter, Postmaster General

59.    The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 58.

60.    The Defendant John E. Potter, Postmaster General relied upon false and mistaken information in making its decision to terminate the employment of the Plaintiff herein.

61.    Despite that the Defendant knew there was no legal basis to any of the claims made by the Defendants Ferreira and Tobey against the Plaintiff, Defendant, John E. Potter, terminated the Plaintiff's position despite a long service to the company and good job performance all in direct violation of the Plaintiff's contract.

62.    At the time of her termination, the Plaintiff had a written contract with the Defendant, Postmaster, entitled "Agreement between the United States Postal Service and American Postal Workers Union, AFL-CIO 2000-2003" of which the Plaintiff

was a member at the time in good standing, and aforesaid contract was in full force and effect at the time of her termination.

63.     The Defendant breached said contract by the elimination of Plaintiff's position and constructive wrongful termination on June 9, 2003.

64.     Further, that the Defendant violated Article 2, Section One of said contract prohibiting discrimination against an employee based upon sex or age.  (A copy of Article 2, Section One is attached hereto and marked D).

65.     As a result of the actions of the Defendant set forth above, the defendant breached its employment contract by wrongfully terminating DuLong causing her to sustain damages, i.e. loss of job, compensation and benefits to which she was otherwise entitled.

**Wherefore**, Plaintiff demands judgment against the Defendant John E. Potter, Postmaster General, in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

### COUNT V - Wrongful Termination and Breach of the Implied Covenant of Good Faith and Fair Dealing-Against The Defendant John E. Potter, Postmaster General

66.     The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 65.

67.     DuLong and the Defendant, John E. Potter, Postmaster General, had a written employment contract governing the employment of DuLong; and in all employment contracts there is an implied covenant of good faith and fair dealing, which is inherent in all employment relationships. As a result of the conduct and action set forth above, the Defendant John E. Potter, Postmaster General, breached the implied covenant of

good faith and fair dealing. As a result of that breach, DuLong sustained significant

damages including but not limited to loss of job, loss of income, benefits, emotional,

and/or mental anguish.

68.    The reduction in work force as the reason for abolishing Plaintiff's position of

employment was a pretext to wrongfully terminate her, as part of a purposeful

discrimination against her with intent to maliciously harm her.

**Wherefore**, Plaintiff, demands judgment against the Defendant John E. Potter,

Postmaster General, in an amount this Court deems just and appropriate with interest,

cost of this action including attorneys' fees.

## COUNT VI – Civil Rights Violations-Against the Defendant Joseph M. Ferreira

69.    The Plaintiff, DuLong, realleges and incorporates by reference herein the

allegations set forth in paragraphs 1 through 68.

70.    The reasons given by the Defendants for termination of the Plaintiff were

malicious, false and fabricated; and were conspired and contrived by Defendants and

were intended and did defame, ridicule, harass and wrongly and unjustly accuse the

Plaintiff of incompetence and seriously damaged her reputation.

71.    The Plaintiff has been subjected, because of the above recited acts, to the

deprivation, by the Defendant under color or law, the customs and usages of the

Commonwealth of Massachusetts, or rights, privileges and immunities secured to her by

the Constitution and Laws of the United States and particularly, her right to enjoy those

privileges essential to the orderly pursuit of happiness by free men, specifically her right

to equal protection of the laws guaranteed by the Fourteenth Amendment to said

Constitution.

72.     The Plaintiff alleges that in doing the acts and things complained of above, the Defendant was engaged in a scheme and conspiracy designed and intended to deny and deprive the Plaintiff of rights guaranteed to her under the Constitution and Laws of the United States and of the Commonwealth of Massachusetts and particularly those hereinabove enumerated.

73.     The Plaintiff alleges that the Defendant knew or should have known that Plaintiff's employment termination was based on the malicious and intentional acts of the Defendants to do her harm and injure her professionally.  Further, the illegal action by the Defendant was their participation in the conspiracy to deny Plaintiff a harmonious work environment and to deny Plaintiff her employment with the United States Postal Service.

74.     The reduction in work force as the reason for abolishing Plaintiff's position of employment was a pretext to wrongfully terminate her, as part of a purposeful discrimination against her with intent to maliciously harm her.

75.     The Plaintiff alleges that as the direct consequence and result of the acts of the Defendant, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity, she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $350,000.00.

        **Wherefore**, the Plaintiff demands a judgment for damages both compensatory and punitive against the Defendant Joseph M. Ferreira, in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## COUNT VII – Civil Rights Violations-Against the Defendant
## Aaron Tobey, Jr.

76.    The Plaintiff, DuLong, realleges and incorporates by reference herein the

allegations set forth in paragraphs 1 through 75.

77.    The reasons given by the Defendants for termination of the Plaintiff were

malicious, false and fabricated; and were conspired and contrived by Defendant and were

intended and did defame, ridicule, harass and wrongly and unjustly accuse the Plaintiff of

incompetence and seriously damaged her reputation.

78.    The Plaintiff has been subjected, because of the above recited acts, to the

deprivation by the Defendants under color or law, and of the customs and usages of the

Commonwealth of Massachusetts, or rights, privileges and immunities secured to her by

the Constitution and Laws of the United States and particularly, her right to enjoy those

privileges essential to the orderly pursuit of happiness by free men, specifically her right

to equal protection of the laws guaranteed by the Fourteenth Amendment to said

Constitution.

79.    The Plaintiff alleges that in doing the acts and things complained of above, the

Defendant was engaged in a scheme and conspiracy designed and intended to deny and

deprive the Plaintiff of rights guaranteed to her under the Constitution and Laws of the

United States and of the Commonwealth of Massachusetts and particularly those

hereinabove enumerated.

80.    The Plaintiff alleges that the Defendant Tobey knew or should have known that

Plaintiff's employment termination was based on the malicious and intentional acts of the

Defendants to do her harm and injure her professionally.  Further, the illegal action by the

Defendant was his participation in the conspiracy to deny Plaintiff a harmonious work environment and to deny Plaintiff her employment with the United States Postal Service.

81.    The reduction in work force as the reason for abolishing Plaintiff's position of employment was a pretext to wrongfully terminate her, as part of a purposeful discrimination against her with intent to maliciously harm her.

82.    The Plaintiff alleges that as the direct consequence and result of the acts of the Defendant Tobey, the Plaintiff suffered much anxiety and mental distress, much discomfort and embarrassment, her reputation was impaired, her earning capacity, she suffered a loss of income, a loss of health insurance benefits, future income, and retirement benefits in excess of $350,000.00.

**Wherefore**, the Plaintiff demands a judgment for damages both compensatory and punitive against the Defendant Aaron Tobey, Jr., in an amount this Court deems just and appropriate with interest, and cost of this action including attorney's fees.

## COUNT VIII -  Intentional, Improper Interference with Contractual Relationship-Against the Defendant Joseph M. Ferreira

83.    The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 82.

84.    At all relevant times herein, DuLong had specific written and/or implied terms of employment with John E. Potter, Postmaster General.  The Defendant Ferreira knowingly and/or wrongfully attempted to and did interfere with DuLong's employment contract.  The Defendant Ferreira's interference with DuLong's contractual relationship with John E. Potter, Postmaster General, was wrongful and intentional and done through improper motives and means so as to cause DuLong to

sustain harm and damages as a result of his actions. As a result of said actions, DuLong has sustained significant damages.

**Wherefore**, Plaintiff demands judgment against the Defendant Joseph M. Ferreira in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## COUNT IX - Intentional, Improper Interference with Contractual Relationship-Against the Defendant Aaron Tobey, Jr.

85.    The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 84.

86.    At all relevant times herein, DuLong had specific written and/or implied terms of employment with John E. Potter, Postmaster General.  The Defendant Tobey knowingly and/or wrongfully attempted to and did interfere with DuLong's employment contract.  The Defendant Tobey's interference with DuLong's contractual relationship with John E. Potter, Postmaster General, was wrongful and intentional and done through improper motives and means so as to cause DuLong to sustain harm and damages as a result of his actions. As a result of said actions, DuLong has sustained significant damages.

**Wherefore**, Plaintiff demands judgment against the Defendant Aaron Tobey Jr., in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## COUNT X - Intentional, Infliction of Emotional Distress-
### Against the Defendant Joseph M. Ferreira

87.    The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 86.

88.    The Defendant Ferreira through his conduct, which was extreme and outrageous, as set forth above has intentionally caused DuLong to suffer emotional distress as demonstrated by physical manifestations. As a result of Ferreira's intentional infliction of emotional distress, DuLong has sustained permanent and serious personal injuries including but not limited to pain and suffering and emotional damage.

**Wherefore**, Plaintiff demands judgment against the Defendant Joseph M. Ferreira, in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## COUNT XI. - Intentional, Infliction of Emotional Distress-
### Against the Defendant Aaron Tobey, Jr.

89.    The Plaintiff, DuLong, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 88.

90.    The Defendant Tobey through his conduct, which was extreme and outrageous, as set forth above has intentionally caused DuLong to suffer emotional distress as demonstrated by physical manifestations. As a result of Tobey's intentional infliction of emotional distress, DuLong has sustained permanent and serious personal injuries including but not limited to pain and suffering and emotional damage.

**Wherefore**, Plaintiff demands judgment against the Defendant Aaron Tobey, Jr., in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

### THE PLAINTIFF REQUESTS A JURY TRIAL.

THE PLAINTIFF,
Dianne DuLong
By her attorneys

/s/ Joseph R. Gallitano
Joseph R. Gallitano
BBO # 183700
34 Main Street Ext., Suite 202
Plymouth, MA  02360
(508) 746-1500

/s/ Richard D. Armstrong, Jr.
Richard D. Armstrong, Jr., Esq.
BBO # 021580
1400 Hancock Street
3rd Floor
Quincy, MA  02169
(617) 471-4400

Dated:  July 15, 2005

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| DIANNE DULONG | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   C.A. No. 1:04-CV-12552 |
| | ) |
| JOHN E. POTTER, POSTMASTER GENERAL | ) |
| Defendant. | ) |

---

## VERIFICATION OF AMENDED COMPLAINT

I, Dianne DuLong, being first duly sworn, state that I am the Plaintiff in the above-entitled action, that I have read the foregoing Verified Complaint and know the contents thereof, and that the same is true to my own knowledge and belief.


/s/ Dianne DuLong
Dianne DuLong


Dated:  July 15, 2005

# EXHIBIT A

**UNITED STATES POSTAL SERVICE®**

# EEO Complaint of Discrimination in the Postal Service
*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name<br>DIANNE E. DULONG | 2. SSN<br>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 | 3. Case No.<br>1B-029-0039-03 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box<br>9 Wareham Road | 4b. City State & Zip +4<br>Plymouth MA 02360-3234 |
|---|---|

| 5. Email Address*<br>none | 6. Home Phone<br>(508) 224-6980 | 7. Work Phone<br>(508) 291-8705 |
|---|---|---|

| 8. Position Title *(USPS Employees Only)*<br>Clk/Steno (until 5/3/03) | 9. Grade Level *(USPS Employees Only)*<br>5 | 10. Do you have Veteran's Preference Eligibility?<br>☐ Yes   ☒ No |
|---|---|---|

| 11. Installation Where You Believe the Discrimination Occurred<br>*(Identify Installation, City, State, and Zip+4)*<br>CCP&D<br>25 Tobey Road<br>Wareham MA 02571-9701 | 12. Name and Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory<br>Joseph M. Ferreira<br>Plant Manager | *(RECEIVED stamp)*<br>**MAY 13 2003**<br>EEO OFFICE USPS<br>PROVIDENCE RI 02904 |
|---|---|---|

| 13a. Name of Your Designated Representative<br>NA at present time | 13b. Title |
|---|---|

| 13c. Mailing Address *(Street or P.O .Box)* | 13d. City, State and Zip +4 |
|---|---|

| 13e. Email Address* | 13f. Home Phone<br>(   ) | 13g. Work Phone<br>(   ) |
|---|---|---|

| 14. Type of Discrimination You Are Alleging<br>☐ Race *(Specify)*:<br>☐ Color *(Specify)*:<br>☐ Religion *(Specify)*:<br>☐ National Origin *(Specify)*: | ☒ Sex *(Specify)*: female<br>☒ Age (40+) *(Specify)*: 07-25-44<br>☒ Retaliation *(Specify)*: 1B0290001-01<br>☐ Disability *(Specify)*: 1B0290004-02 | 15. Date on which alleged act(s) of Discrimination Took Place<br>04-29-03<br>*grievance #03-02 also has bearing on this clai |
|---|---|---|

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)*

I allege discrimination based on gender, age and retaliation in that on April 29, 2003, I was notified that my job would be reposted and effective May 3, 2003 I was deemed to be an unencumbered employee. The points I would like to make in support of this claim are:
1. Disparate treatment in that I have been held to a different standard of performance than other clerk(s) in the front office.
2. I have been subjected to harrassment at the hands of the plant manager and the union president.
3. I believe that my job abolishment is due to previous grievance and EEO activity that was necessary.
4. I believe the plant manager has deliberately "dried up" my duties to justify his actions.
5. The plant manager has pursued this action will full knowledge of my age, health and physical limitations. (exceptions were made for the other clerk in the administrative area). In doing so, he is aware it will be impossible for me to do the type of work and to maintain the hours as posted. Also, I believe my position was deliberately posted without qualifications to ensure I would not/could not be a successful bidder.

17. What Remedy Are You Seeking to Resolve this Complaint?

To retain my Clerk/Stenographer position - same hours, NS days and duties

| 18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™* mediator?<br>☒ Yes   5/8/2003<br>(Date You Received the Notice of Final Interview) | ☐ No |
|---|---|

| 19a. Signature of Dispute Resolution Specialist<br>*(signature)* | 19b. Date<br>5/8/2003 |
|---|---|

| 20. Signature of Complainant or Complainant's Attorney<br>*(signature)* | 21. Date of this Complaint<br>5/12/03 |
|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

**PAGE 201**

PS Form 2565, March 2001 *(page 1 of 2)*

## Privacy Act Notice

rivacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## Instructions

A.  Use this form to file a formal complaint if you are an employee or applicant for employment who believes that you have been discriminated against by the Postal Service because of your race, color, religion, sex, age (40+), national origin or disability. You must have presented the matter to an EEO dispute resolution specialist within 45 calendar days of the date the incident occurred, or, if a personnel action was involved, within 45 calendar days of the effective date of the personnel action.

B.  Unless you have agreed to extend the 30-day period for an additional 60 calendar days, you will receive a notice of right to file a formal complaint within 30 calendar days from the date of your first contact with the EEO Office. You must file your formal complaint within 15 calendar days of the date on which you receive your notice of right to file. If you do not receive a notice of right to file within the appropriate time period, you may file a formal complaint at any time thereafter, up to 15 calendar days after receiving the notice.

C.  If you have agreed to participate in alternative dispute resolution (ADR), the informal process must be completed within 90 calendar days of your first contact with the EEO office. You have the right to file a formal complaint at any time thereafter, up to 15 calendar days after you have received your notice of right to file.

D.  Your notice of right to file contains the address where your formal complaint must be mailed or delivered. The formal complaint will be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 days of the expiration of the filing period.

E.  The time limits for filing a formal complaint may be extended if you show that you were prevented by circumstances beyond your control from timely submitting the complaint, or if you present other reasons considered sufficient by the Postal Service.

F.  If you need help preparing this form, you may obtain assistance from a representative of your choice. You may also seek guidance from the dispute resolution specialist who issued you the notice of right to file.

G.  Your formal complaint must be in writing and must be signed and dated by you or your attorney. You are entitled to a representative of your choice at all stages of the EEO complaint process; however, only an attorney can sign official EEO documents on your behalf.

H.  If your written complaint is accepted, it will be assigned to an EEO complaints investigator who will provide you with an opportunity to present all the facts that you believe resulted in the alleged discrimination. The EEO complaints investigator will conduct a thorough review of the circumstances under which the alleged discrimination occurred.

I.  While your complaint is under investigation, you may amend it to add claims that are like or related. Contact the EEO office for the address where your written amendment request must be mailed or delivered.

J.  You and your representative will each be provided a copy of the completed investigative file. You have the right to request a hearing within 30 calendar days of the date you receive the investigative file by mailing or delivering your request to the appropriate Equal Employment Opportunity Commission (EEOC) District Office with a copy to the area Manager, EEO Compliance & Appeals. If you are represented by an attorney, the 30-day period will begin on the date your attorney receives a copy of the case file. Instead of requesting a hearing, you may request an agency decision without a hearing and the head of the agency or his/her designee will issue you a decision letter with appeal rights.

K.  If you request a hearing, the EEOC will appoint an administrative judge (AJ) to conduct the hearing. The AJ will notify you and the Postal Service of the right to seek discovery prior to the hearing to develop evidence reasonably on matters relevant to the issues raised in the complaint(s) to be heard. Attendance at the hearing will be limited to persons the administrative judge determines have direct knowledge relating to the complaint. Hearings are part of the investigative process and are closed to the public.

L.  Following the hearing, the AJ will send you copy of the hearing record, including the transcript and his/her decision. The head of the agency, or his/her designee, will review the entire record, including the transcript, and will determine whether or not to implement the AJ's decision. You will receive the agency's notification of final action within 40 days of the date the agency receives the AJ's decision. If the agency's final action will not fully implement the AJ's decision, the agency must appeal to the EEOC. A copy of the Postal Service's appeal will be attached to your notification of final action.

M.  If you are not satisfied with the decision of the AJ, or the agency's final action on the decision, you have the right to appeal within 30 calendar days after receiving notification of the agency's final action. Your appeal must be mailed to the EEOC at the following address:

    EEOC
    OFFICE OF FEDERAL OPERATIONS
    PO BOX 19848
    WASHINGTON DC 20036-9848

N.  In lieu of filing an appeal of the agency's final action to the EEOC's Office of Federal Operations (OFO), you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the agency's final action.

O.  You may also file a civil action in an appropriate U.S. district court: after 180 days have passed from the date you filed the complaint, if the final agency action has not been issued and an appeal has not been filed; within 90 days of receipt of the OFO's decision on your appeal; or after 180 days have passed from the date you filed your appeal with the OFO, if there has been no decision issued on that appeal.

P.  Special statutory provisions in Public 93-259 relate to age discrimination. The Public Law sets forth the right to by-pass the administrative complaint processing procedure and file a civil action. For additional information, contact the EEO office.

Q.  Under the Equal Pay Act, you have the right to file a civil action without exhausting the administrative procedures.

R.  You must keep the EEO complaint processing office aware of your current mailing address at all times. Failure to notify the EEO complaint processing office and the EEOC of an address change could result in the dismissal of your complaint.

PS Form 2565, March 2001 *(Page 2 of 2)*

PAGE 202

# EXHIBIT B

# ATTORNEY JOSEPH R. GALLITANO
## & ASSOCIATES

34 MAIN STREET EXT., SUITE 202, PLYMOUTH, MASSACHUSETTS 02360
(508) 746-1500          FAX (508) 747-1150

September 7, 2004

**Via Fax and Regular Mail**

Kevin J. Berry, Administrative Judge
US EEOC
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

RE:    Claimant:  Dianne E. DuLong
       EEOC No. 160-2004-00218X
       Agency No. 1B-029-0039-03

Dear Judge Berry:

Pursuant to 29 C.F.R. § 1601  8(a)(1), (2) and (3)(d), the Claimant requests the Commission to issue a notice of Right to Sue in the Federal District Court and dismiss the within action before the EEOC.

Please forward to this office a Notice of Right to Sue pursuant to 29 C.F.R. § 1601.8(e). Upon receipt of said notice the Claimant Dianne DuLong will file a complaint in the U.S. District Court of Massachusetts within 90 days of receipt of aforesaid order authorizing the Claimant to proceed in Federal District Court.

Thank you for your attention to this matter.

Very truly yours,

Joseph R. Gallitano

JRG/pjm

cc:    Attorney Karen Cote
       Dianne DuLong

# EXHIBIT C

**UNITED STATES OF AMERICA**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**NEW YORK DISTRICT OFFICE**

Dianne E. DuLong,
                    Complainant,


                    v.
John E. Potter, Postmaster General
United States Postal Service,
                    Agency.

EEOC Hearing No. 160-2004-00218X
Agency File No. 1B-029-0039-03

### DISMISSAL ORDER

On September 7, 2004 the Complainant requested dismissal of the above referenced complaint before the EEOC due to her desire to file a private suit in Federal District Court. Based upon the Complainant's request and the fact that more than 180 days has passed since the filing of the administrative complaint, this complaint is hereby DISMISSED.

It is so Ordered.

For the Commission:


Kevin J. Berry
Administrative Judge                    Date: 9/7/07

# EXHIBIT D

Dianne DuLong
9 Wareham Rd.
Plymouth, MA 02360-3234

# AGREEMENT

between

United States Postal Service

and

American Postal Workers Union,
AFL-CIO

## 2000 – 2003

Handbook EL-912

---

Article 2.3

## ARTICLE 2
## NON-DISCRIMINATION AND CIVIL RIGHTS

### Section 1.  Statement of Principle

The Employer and the Union agree that there shall be no discrimination by the Employer or the Union against employees because of race, color, creed, religion, national origin, sex, age, or marital status.

In addition, consistent with the other provisions of this Agreement, there shall be no unlawful discrimination against handicapped employees, as prohibited by the Rehabilitation Act.

(see Memo, page 277)

### Section 2.  Committees

There are established at the national and APWU regional/ USPS Area levels Joint Committees on Human Rights. The committees will be composed of responsible representatives of the Union and responsible management officials. The committees may develop affirmative action proposals on all matters affecting minority groups. The committees will also be advised of the plan for site selection for facilities planned for national postal mail networks and major metropolitan areas, and review availability of adequate housing and public transportation. The committees shall meet as required at mutually agreeable times.

### Section 3.  Grievances

Grievances arising under this Article may be filed at Step 2 of the grievance procedure within fourteen (14) days of when the employee or the Union has first learned or may reasonably have been expected to have learned of the alleged discrimination, unless filed directly at the national level, in

5