UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANNE DULONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 04-12552-NG |
| JOHN E. POTTER, POSTMASTER GENERAL,) | |
| JOSEPH M. FERREIRA, Individually, ) | |
| AARON TOBEY, JR., Individually and ) | |
| as President of the APWU, Local ) | |
| 6005, and the AMERICAN POSTAL ) | |
| WORKERS UNION AFL-CIO, ) | |
| CAPE COD AREA LOCAL 6005, ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

Now come the defendants, John E. Potter, Postmaster General, United States Postal Service, and Joseph M. Ferreira, by and through their Attorney, Michael J. Sullivan, United States Attorney, and hereby Answer the plaintiff's Amended Complaint and Jury Demand as follows:

The allegations contained in the Paragraph preceding Paragraph 1 of the Amended Complaint constitute the plaintiff's basis for this action to which no response is required. To the extent that a response is required, the defendants deny the allegations.

**PARTIES**

1. The defendants admit the allegations contained in Paragraph 1 of the Amended Complaint.

2. The defendant, Postmaster General, admits that John E. Potter is the Postmaster General of the United States Postal Service but avers that the United States Postal

        Service is an independently established establishment of the Exclusive Branch of the Government of the United States.

3.   The defendants admit that on May 12, 2003, Dulong signed a Formal Complaint of Discrimination in the Postal Service, PS Form 2565, but deny the remaining allegations set forth in Paragraph 3.

4.   The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint and on that basis deny said allegations.

5.   Paragraph 5 of the Amended Complaint contains conclusions of law to which no response is required. To the extent that a response is required the defendants deny the allegations contained in Paragraph 5.

6.   The defendants admit the allegations contained in Paragraph 6 of the Amended Complaint.

7.   The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint and on that basis deny said allegations.

**FACTS**

8.   The defendants admit the allegations contained in Paragraph 8 of the Amended Complaint, but aver that Joseph Ferreira became the Plant Manager in January of

      1993.

9. The defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10. The defendants admit the allegations set forth in the first sentence of Paragraph 10, but deny the remaining allegations set forth in Paragraph 10.

11. The defendants deny the allegations in Paragraph 11 of the Amended Complaint.

12. The defendants deny the allegations in Paragraph 12 of the Amended Complaint.

13. The defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14. The defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15. The defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

16. The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and on that basis deny said allegations.

17. The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and on that basis deny said allegations.

18. The defendants deny the allegations contained in Paragraph 18 of the Amended Compliant.

19. The defendants deny the allegations contained in Paragraph 19 of the Amended Compliant.
20. The defendants deny the allegations contained in Paragraph 20 of the Amended Compliant.
21. The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and on that basis deny said allegations.
22. The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint and on that basis deny said allegations.
23. The defendants deny the allegations contained in Paragraph 23 of the Amended Compliant.
24. The defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint and on that basis deny said allegations.
25. The defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.
26. The defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.
27. The defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.
28. The defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. The defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.
30. The defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.
31. The defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.
32. The defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.
33. The defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.
34. The defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.
35. The defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.
36. The defendants deny the allegations contained in Paragraph 36 of the Amended Complaint.
37. The defendants admit that the plaintiff has filed grievances, but deny the particular characterizations of each grievance filed by the plaintiff.
38. The defendants admit that the plaintiff has filed Complaints, but deny the particular characterizations of each Complaint filed by the plaintiff.

**CAUSES OF ACTION**
<u>Count I</u>

39. The defendants incorporate herein by reference their responses to paragraphs 1-38 above, as though fully set

forth herein.

40. The allegations contained in Paragraph 40 of the Amended Complaint constitute the plaintiff's basis for this action to which no response is required.  To the extent that a response is required, the defendants deny the allegations.

41. The allegations contained in Paragraph 41 of the Amended Complaint constitute the plaintiff's basis for this action to which no response is required.  To the extent that a response is required, the defendants deny the allegations.

42. The allegations contained in Paragraph 42 of the Amended Complaint constitute the plaintiff's basis for this action to which no response is required.  To the extent that a response is required, the defendants deny the allegations.

43. The allegations contained in Paragraph 43 of the Amended Complaint constitute the plaintiff's basis for this action to which no response is required.  To the extent that a response is required, the defendants deny the allegations.

44. The allegations contained in Paragraph 44 of the Amended Complaint constitute the plaintiff's basis for this action to which no response is required.  To the extent that a response is required, the defendants deny the allegations.

45. The defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

### COUNT II

46. The defendants incorporate herein by reference their responses to paragraphs 1-45 above, as though fully set forth herein.

47. The defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. The defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. The defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. The defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. The defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. The defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 52 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

53. The defendants incorporate herein by reference their responses to paragraphs 1-52 above, as though fully set forth herein.

54. The defendants admit that the plaintiff filed grievances, but denies the remaining allegations contained in Paragraph 54 of the Amended Complaint.
55. The defendants deny the allegations contained in Paragraph 55 of the Amended Complaint.
56. The defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.
57. The defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.
58. The defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 58 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

### COUNT IV

59. The defendants incorporate herein by reference their responses to paragraphs 1-58 above, as though fully set forth herein.
60. The defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.
61. The defendants deny the allegations contained in Paragraph 61 of the Amended Complaint.
62. The defendants are without information or knowledge sufficient to form a belief as to the truth of the

      allegations contained in Paragraph 62 of the Amended Complaint and on that basis deny said allegations.

63. The defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. The defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65. The defendants deny the allegations contained in Paragraph 65 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 65 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

### COUNT V

66. The defendants incorporate herein by reference their responses to paragraphs 1-65 above, as though fully set forth herein.

67. The defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. The defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 68 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

### COUNT VI

69. The defendants incorporate herein by reference their responses to paragraphs 1-68 above, as though fully set forth herein.

70. The defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71. The defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72. The defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

73. The defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74. The defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75. The defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 75 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

## COUNT VII

76. The defendants incorporate herein by reference their responses to paragraphs 1-75 above, as though fully set forth herein.

77. The defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78. The defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79. The defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80. The defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81. The defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82. The defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 82 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

## COUNT VIII

83. The defendants incorporate herein by reference their responses to paragraphs 1-82 above, as though fully set forth herein.

84. The defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 84 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

## COUNT IX

85. The defendants incorporate herein by reference their responses to paragraphs 1-84 above, as though fully set forth herein.

86. The defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 86 constitutes a prayer for relief which requires no response.  To the extent that a response is required, the defendants deny that any relief should be granted.

## COUNT X

87. The defendants incorporate herein by reference their responses to paragraphs 1-87 above, as though fully set forth herein.

88. The defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 88 constitutes a prayer for relief which requires no response.  To the extent that a response is required, the defendants deny that any relief should be granted.

## COUNT XI

89. The defendants incorporate herein by reference their responses to paragraphs 1-88 above, as though fully set forth herein.

90. The defendants deny the allegations contained in Paragraph 90 of the Amended Complaint.

The WHEREFORE Paragraph following Paragraph 90 constitutes a prayer for relief which requires no response. To the extent that a response is required, the defendants deny that any relief should be granted.

**<u>AFFIRMATIVE DEFENSES</u>**

1. The plaintiff has failed to state claims upon which relief can be granted.
2. This Court lacks subject matter jurisdiction over certain of the plaintiff's claims.
3. The plaintiff cannot establish a prima facie case of discrimination.
4. The plaintiff has not exhausted her administrative remedies on certain of her claims asserted in her Complaint.
5. The defendants exercised reasonable care to promptly prevent and correct any harassing conduct, and the plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.
6. The plaintiff has failed to mitigate her damages.
7. Title VII provides a compensatory damage cap of $300,000.
8. The United States Postal Service is not subject to punitive damages.

WHEREFORE, the defendants respectfully request that this Court enter judgment in favor of the defendants and award the defendants their costs for the defense of this action and any other such relief as this Court considers just and proper.

                                      For the Defendants, John E. Potter, Postmaster General and Joseph M. Ferreira, Individually,

                                      MICHAEL J. SULLIVAN,
United States Attorney

                                      /s/ Rayford A. Farquhar
RAYFORD A. FARQUHAR
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA  02210
(617) 748-3284

**CERTIFICATE OF SERVICE**

Suffolk,  ss.                        Boston, Massachusetts
                                      January 9, 2006

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon plaintiff's counsel of record, Joseph R. Gallitano, 34 Main Street, Suite 202, Plymouth, MA 02360.

                                      /s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney