UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
DIANNE DULONG,                   )
                                 )
      Plaintiff,                 )
                                 )
          v.                     )    Civil Action No.
                                 )    04-12552-NG
JOHN E. POTTER, POSTMASTER GENERAL,)
JOSEPH M. FERREIRA, Individually, )
AARON TOBEY, JR., Individually and )
as President of the APWU, Local  )
6005, and the AMERICAN POSTAL    )
WORKERS UNION AFL-CIO,           )
CAPE COD AREA LOCAL 6005,        )
                                 )
      Defendants.                )
_____)
```

**OPPOSITION TO THE PLAINTIFF'S REQUEST TO OBTAIN
THE FEDERAL PERSONNEL RECORD OF JOSEPH M. FERREIRA**

The defendants, John E. Potter, Postmaster General, United States Postal Service, and Joseph M. Ferreira, by and through their Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby oppose the plaintiff's request to obtain the Federal personnel record of Joseph Ferreira.

I.    <u>**Introduction**</u>

On June 1, 2007 the plaintiff filed a motion seeking a limited extension of time to complete limited discovery. The plaintiff is seeking to take the deposition of James H. Chapman, Jr. and to obtain the Federal personnel record of Joseph Ferreira. The defendant assented to the plaintiff taking the deposition of Mr. Chapman, but opposes the release of Ferreira's Federal personnel record.

## II.  ARGUMENT

### A.  Releasing Any Personnel Records of Federal Employees is a Violation of the Privacy Act 5 U.S.C. §552a).

The plaintiff is seeking Joseph M. Ferreira's ("Ferreira") Federal personnel file in an attempt to ascertain if Ferreira was involved in any similar type of alleged discriminatory actions. The defendant contends that any disclosure of a Federal employee's personnel file is a violation of the Privacy Act, 5 U.S.C. §552a.  The Privacy Act addresses disclosure to third parties as follows:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the records would be -- (1) to those officers and employees of the agency which maintain the record who have a need for the record in the performance of their duties....

5 U.S.C. § 552a(b)(1).

In interpreting the "need to know" portion of the Privacy Act, 5 U.S.C. § 552a(b)(1) refers to 40 Fed. Reg. 28,948, 28950 (1975); 120 Cong. Rec. 36,967 (1974).  This section of the Federal Register provides that the word 'agency' was to be given a broad meaning.  Each employee and officer of an agency which maintains records can have access to such records in the performance of their duties.  40 Fed. Reg. 28,948, 28,950.  Given that the plaintiff is outside of the disclosure parameters established under the Privacy Act, the Court should deny the plaintiff's

request to view the Federal personnel Record of Ferreira.

**B.    The Plaintiff's Request to Obtain Ferreira's Personnel Record is Not Relevant to this Case**

The plaintiff is seeking Ferreira's Federal personnel record in an attempt to ascertain if he was involved in any other similar discrimination cases.  Whether or not Ferreira was involved in any prior discrimination cases is not relevant to whether he allegedly discriminated again the plaintiff here.  The plaintiff is attempting to use any prior acts as evidence that Ferreira has the propensity to act in a particular fashion.  The plaintiff is free to gather any information concerning Ferreira's supervisory history through depositions and interrogatories.  In fact, the plaintiff deposed Ferreira and asked him if he was involved in any prior discrimination cases.  The plaintiff, through depositions and interrogatories, was able to obtain information regarding Ferreira's supervisory history without violating the Privacy Act.

WHEREFORE, the defendants respectfully move this Court to deny the plaintiff's Motion to Obtain the Federal personnel record of Ferreira.

For the Defendants, John E.
Potter, Postmaster General and
Joseph M. Ferreira,
Individually,

MICHAEL J. SULLIVAN,
United States Attorney


/s/ Rayford A. Farquhar
RAYFORD A. FARQUHAR
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA  02210
(617) 748-3284

## CERTIFICATE OF SERVICE

Suffolk,  ss.                          Boston, Massachusetts
                                       June 11, 2007

     I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing upon
plaintiff's counsel of record, Joseph R. Gallitano, 34 Main
Street, Suite 202, Plymouth, MA 02360.


                              /s/ Rayford A. Farquhar
                              Rayford A. Farquhar
                              Assistant U.S. Attorney

4