UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIANNE DULONG ) | |
|            Plaintiff, ) | |
| ) | |
| vs. ) | C.A. No. 1:04-cv-12552 |
| ) | |
| JOHN E. POTTER, POSTMASTER GENERAL, ) | |
|            Defendant. ) | |

**PLAINTIFF, DIANNE DULONG'S, RULE 56.1
STATEMENT OF DISPUTED FACTS**

1.  Lorraine Sawyer acknowledges her Affidavit is a true copy. Sawyer Deposition at page 11, lines 16-24, attached hereto as Exhibit B.

2.  During the reorganization of the Wareham Plant, other employees were accommodated, but not the Plaintiff. Plaintiff only one not allowed to continue her employment. Sawyer Affidavit, Exhibit 2 from her Deposition is attached hereto as Exhibit C.

3.  Defendants didn't make the same effort to accommodate the Plaintiff or even check as to what work she could do. Sawyer Deposition, page 30, lines 1-22, Exhibit B.

4.  Even though Mr. Cleary, Assistant Plant Manager was in charge, Ferreira was still in communication with the plant management at the Wareham facility and had control of operations. Sawyer Deposition, page 31, lines 4-22, Exhibit B.

5.  Ferreira was abusive towards the Plaintiff. He treated other employees better and different than the Plaintiff. Sawyer Deposition, page 24, lines 6-19, Exhibit B.

6.      Ferreira set Plaintiff up to fail as retaliation.  Sawyer Deposition, pages 32, 33, lines 1-24, Exhibit B.

7.      Ferreira was upset with the Plaintiff due to filing grievances against him.  Sawyer Deposition, page 38, lines 13-24, page 39, lines 1-17, Exhibit B.

8.      Ferreira didn't like her filing grievances.  Sawyer Deposition, page 25, lines 6-9, page 26, lines 12-23, Exhibit B.

9.      Ferreira had a criminal record for drug abuse and signs of an abusive personality.  Ferreira was charged with rape.  Ferreira Deposition, page 84, lines 16-24, page 85, lines 105, 21-24, attached hereto as Exhibit D.

10.     Ferreira's retaliation against DuLong was not based upon his dislike of DuLong or because he considered her a bad employee; he liked her, was friendly to her, and thought she was a good employee and performed well.  Ferreira Deposition, page 33, lines 1-24, Exhibit D.

11.     Ferreira had ultimate authority in regards to DuLong's position and abolishing her job; he could have made accommodations recommended by the job committee if he wanted.  Ferreira Deposition, page 67, lines 5-24, Exhibit D.

12.     Ferreira took work away from DuLong to build a case to abolish her job.  DuLong Deposition, page 66, lines 3-9, Exhibit E.

13.     Ferreira purposely allowed a hostile work environment in retaliation for DuLong filing EEO Complaints specifically against Ferreira.  DuLong Deposition, page 68, lines 1-7, page 28, lines 19-20, Exhibit E.

14.     Ferreira charged DuLong with AWOL charges as retaliation and EEO decision cleared DuLong.  DuLong Deposition, page 74, lines 9-12, Exhibit E.

15. Ferreira intentionally discriminated against DuLong based on age and gender, as retaliation and harassment of DuLong. DuLong Deposition page 75, lines 18-24, page 76, lines 1-5, Exhibit E.

16. Ferreira routinely displayed a rude and abusive behavior towards the Plaintiff from 2000 through 2002. Chapman Affidavit, paragraphs 1-14, Exhibit 1 of Chapman Deposition, attached hereto as Exhibit F. Chapman Deposition, page 28, lines 3-24, page 29, lines 1-24, page 30, lines 1-16, Exhibit G.

17. Ferreira threatened DuLong with abolishing her job. Chapman Affidavit, pages 1-3, Exhibit F.

18. Ferreira changed the accommodation recommended by the Jobs Committee, which would have kept DuLong employed in a position similar to her clerk position, but Ferreira changed it to abolish DuLong's position. Chapman Affidavit, paragraph 11, Exhibit F.

19. Even though the Jobs Committee substantiated her position, Ferreira did away with it as part of discriminating and harassing DuLong. Chapman Affidavit, paragraphs 7 and 13, Exhibit F.

20. Ferreira reported false incident of AWOL against DuLong as part of his ongoing harassing retaliation against her. Chapman Affidavit, paragraphs 9 and 13, Exhibit F.

21. Ferreira had long pattern of retaliation against DuLong as result of her EEO Complaints, especially the AWOL incident. Chapman Deposition, Exhibit 3, Letter to Ferreira by Chapman dated December 28, 2001, attached hereto as Exhibit H authenticated by Chapman, Chapman Deposition, page 39, lines 1-24, page 40, lines 1-24, Exhibit G.

22. Ferreira had a longstanding pattern of abusive and retaliatory behavior towards employees he supervised. Chapman letter, Exhibit H.

23. Ferreira had previously threatened and was abusive to employees who complained about him in grievances and EEO Complaints. Ferreira was prone to retaliate against any employee who opposes him. Chapman Deposition Exhibit 6, letter dated December 7, 1999, attached hereto as Exhibit I, authenticated by Chapman, Chapman Deposition, page 80, lines 19-24, page 81, lines 1-18, Exhibit G.

24. Ferreira encouraged and fostered abusive environment around DuLong of ongoing harassment. Chapman Deposition Exhibit 4, letter from Chapman to Ferreira dated December 7, 2000, attached hereto as Exhibit J, authenticated by Chapman, Chapman Deposition, page 63, lines 3-24, page 64, lines 1-4, Exhibit G.

25. DuLong was treated differently than standard treatment for other employees by not making accommodations for her to keep her job. Affidavit of Richard Pine attached hereto as Exhibit K, hereinafter Pine Affidavit, page 1, paragraph 5, Exhibit K.

26. Ferreira was prone to vindictive behavior towards an employee with whom he had a problem. Pine Affidavit, page 2, paragraph 7, Exhibit K.

27. Ferreira could have made an accommodation for DuLong considering her health issues plus time of service, but intentionally chose not to accommodate her as he had for others. Pine Affidavit, page 2, paragraphs 8 – 12, Exhibit K.

28. Ferreira tried to give DuLong responsibility for monitoring security for the entrance to the plant, which was not part of her job description. Aaron Tobey, filed a grievance as DuLong's Union Representative and the Union prevailed. Tobey Deposition, attached hereto as Exhibit L, pages 35, lines 9-24, page 36, lines 1-9.

29.     Ferreira treated DuLong differently by charging her AWOL when she followed procedure to leave the plant building.  First time Union President Tobey ever heard of an employee being charged with AWOL by Ferreira.  Tobey Deposition, page 42, lines 4-9, Exhibit L.

30.     DuLong's job was reposted because of starting time changes from 7:00 or 8:00 a.m. to 4:00 a.m.; the change exceeded two hours, requiring reposting, which resulted in DuLong's job going to a younger woman who happened to have a couple of years seniority over DuLong.  Tobey Deposition, page 49, lines 3-24, Exhibit L.

Respectfully submitted,

Dianne DuLong, Plaintiff,
by her attorneys,

*/s/ Joseph R. Gallitano*
Joseph R. Gallitano, Esq.
 BBO # 183700
34 Main Street Ext., Suite 202
Plymouth MA  02360
(508) 746-1500

*/s/ Richard D. Armstrong*
Richard D. Armstrong, Jr., PC
BBO # 021580
1400 Hancock Street
3rd Floor
Quincy, MA  02169
(617) 471-4400

Dated:  October 11, 2007

5