```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| DIANNE DULONG,           )<br>                          )<br>    Plaintiff,         )<br>                          )<br>       v.                 )<br>                          )<br> JOHN E. POTTER, POSTMASTER GENERAL,)<br> UNITED STATES POSTAL SERVICE,[1]   )<br>                          )<br>    Defendant.            )<br>                          ) | Civil Action No.<br>04-12552-NG |

## JOINT MOTION OF THE PARTIES FOR A REFERENCE TO MEDIATION AND TO CONTINUE THE TRIAL DATE

Now come the parties, by and through their attorneys, and move this Court for a reference to mediation and to continue the trial date. As grounds for this Motion the parties state as follows:

1. On July 31, 2007 the defendant filed his Motion for Summary Judgment;

2. On August 3, 2007 the parties appeared before Magistrate Judge Dein for mediation;

3. The parties worked diligently with M.J. Dein toward the settlement of this case, but the mediation session ended prematurely due to a family emergency causing

---

[1] The individual defendants and the Union were dismissed by agreement by the parties in the plaintiff's Opposition to the Defendant's Motion for Summary Judgment. Since this is a federal employment case brought under Title VII and the ADEA, as a federal employee, any allegations of discrimination must be brought under Title VII. Soto v. U.S. Postal Service, 905 F.2d 537, 539 (1st Cir. 1990)(the head of the agency is the only proper defendant in a Title VII action); Rys v. U.S. Postal Service, 886 F.2d 443, 445 (1st Cir. 1989).

      Assistant United States Attorney Rayford A. Farquhar to leave the mediation and the Courthouse;

4. Although the parties had narrowed the gap between them at mediation, they were unable to reach an agreement at the mediation. The parties believed that following this Court's ruling, if the case remained it would assist the parties in successfully mediating the case;

5. The parties believe that this Court's recent ruling on the defendant's Motion for Summary Judgment will assist them in narrowing the gap at mediation toward settling this case;

6. The parties would like to return to mediation in an attempt to settle this case; and

7. The parties would also move this Court to continue the trial date to a date in February, 2008, so that mediation can be scheduled with one of the Magistrate Judges.

WHEREFORE, the parties move this Court for a reference to mediation and to continue the trial date so that the parties can attend mediation with their respective clients.

                        Respectfully submitted,

| DIANE DULONG, | UNITED STATES DEPARTMENT OF LABOR, PENSION AND WELFARE BENEFITS ADMINISTRATION, |
|---|---|
| | MICHAEL J. SULLIVAN<br>United States Attorney |
| /s/ Joseph R. Gallitano by raf<br>Joseph R. Gallitano, Esq.<br>34 Main Street, Suite 202<br>Plymouth, MA 02360<br>(508) 746-1500 | /s/ Rayford A. Farquhar<br>Rayford A. Farquhar<br>Assistant U.S. Attorney<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3284 |

CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 30, 2007.

                                            /s/ Rayford A. Farquhar<br>                                            Rayford A. Farquhar<br>                                            Assistant U.S. Attorney

**Local Rule 7.1 Certificate**

    On November 29, 2007, I spoke with Joseph R. Gallitano, Esq. by telephone and he joined in the filing of this Joint Motion.

                                            /s/ Rayford A. Farquhar<br>                                            Rayford A. Farquhar<br>                                            Assistant U.S. Attorney