```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| DIANNE DULONG, )<br>)<br>    Plaintiff, )<br>)<br>       v. )<br>)<br>JOHN E. POTTER, )<br>POSTMASTER GENERAL, )<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. )<br>) | Civil Action No.<br>04-12552-NG |

## THE DEFENDANT'S PRETRIAL MEMORANDUM

The defendant, John E. Potter, Postmaster General of the United States, hereby files his Pre-trial Memorandum pursuant to the Court's Order as follows:

(1) <u>Explore the possibility of Settlement of this Action</u>

    Counsel for the parties are in agreement that mediation could be fruitful in attempting to settle this case.

(2) <u>Uncontested Facts</u>

    Dianne Dulong (the "plaintiff") was employed as a Clerk Stenographer with the Post Office, Cape Cod Processing and Distribution Facility ("Facility") starting in October of 1989. (Exh. 6, Plaintiff's Amended Verified Complaint).

    In February of 1993, Joseph M. Ferreira ("Ferreira") became the Plant Manager of the Facility. (Exh. 6) Ferreira was the direct report supervisor for the plaintiff. Id.

    On May 3, 2003, the plaintiff's job as Clerk Stenographer was abolished and reposted as a Mail Processing Clerk position. (Exh. 8, EEO complaint of Discrimination).

    On May 12, 2003, the plaintiff filed a complaint with the Equal Employment Office ("EEO") alleging that based on her gender (female), age (58 at the time) and retaliation (prior union grievances and EEO activity)

her job was abolished and reposted.  (Exh. 8).

The clerk stenographer position was abolished because it was becoming outdated with the prevailing use of the computer and e-mail as a preferred method of communication.  (Exh. 3, Ferreira Depo. pg. 51, ln. 10-11 and Exh. 5, Joint Job Committee Proposal).

The Clerk Stenographer position was also too restrictive in that it did not provide for mail processing tasks, which were needed due to increase mailing needs.  (Exh. 3, Ferreira Depo. pg. 51, ln. 6-8).  The Mail Processing Clerk position included typing, administrative work, as well as running automative equipment.  (Exh. 4, Mail Processing Clerk PS-05 position description).

Further, the entire Facility was going through a re-organization in order to make it more efficient to avoid being closed.  (Exh. 3, Ferreira Depo., pg. 64, ln. 14-23).

In addition to the plaintiff's job, thirteen other positions were abolished and reposted.  (Exh. 7, Comparative Analysis from EEO Investigative Report).  Of those individuals, six were female, one was older than the plaintiff (who was 58 at the time), four were within 5 years of the plaintiff's age, and an additional six individuals were within 10 years of the plaintiff's age.  Id.

None of these individuals were returned to their prior jobs, and they had to bid for new positions with schedule changes.  (Exh. 3, Ferreira Depo. pg. 78, ln 3-10).

While it was at Ferreira's discretion to determine which jobs would remain, his decisions were based on operational and efficiency requirements, especially in light of the possible plant closure.  (Exh. 3, Ferreira Depo., pg. 67, ln. 22-23).

Ferreira stated that the decision to abolish the plaintiff's position "had nothing to do with any previous greivance of EEO activity...I was not irritated by any of those prior complaints filed by her." (Exh. 3, Ferreira Depo., pg. 80, ln. 11-14).

Although the plaintiff's position was abolished, she in fact bid for a new position and won the bid for a Mail

    Processor job.  (Exh. 1, Dulong Depo., pg. 31, ln. 19-20.  However, the plaintiff did not take the position based on her alleged physical ailments (not the subject matter of this case).  Id. at pg. 32, ln. 12-21.

    The plaintiff filed the following EEO complaints:

<u>September 11, 2000</u>: The plaintiff was awarded a position that required training. In the presence of a supervisor, Ferreira denied the plaintiff training, which was a contractual guarantee:

<u>November 28, 2001</u>: Ferreira allegedly harassed the plaintiff over the gate monitoring duties.  The plaintiff had submitted a leave slip to Matthew Smolinsky, a 204B acting supervisor. Ferreira charged the plaintiff AWOL.

<u>May 8, 2003</u>: Ferreira allegedly dried up the plaintiff's work with the intent of abolishing her position. At no time was there any discussion about reduction in workload.  Ferreira, with the help of Tobey removed the plaintiff from the administration area. (Exh. 6., ¶ 37 and ¶ 38).

3. <u>Narrow the Issues to be Tried</u>

(i) Whether the defendant discriminated against the plaintiff based on her age when her Clerk-Stenographer position was unencumbered as of May 3, 2003, and replaced with a Mail Processing Clerk position that she bid and received; and

(ii) Whether the defendant retaliated against the plaintiff when she was unencumbered because of her EEO complaints.

4. <u>Defendant's List of Exhibits</u>

    To be coordinated with counsel for the plaintiff and numbered or lettered in accordance to the Court's preference.

5. <u>Defendant's List of Witnesses</u>

Diane Dulong
Aaron Toby
Joseph Cleary
Joseph Ferreira
James Chapman
Patricia Monroe

      Ann Mailloux

6. <u>Proposed Jury Instructions</u>

      To be provided to the Court.

7. <u>Trial Counsel for the Plaintiff</u>

      Joseph R. Gallitano
      Gallitano & Associates
      34 Main Street Extension, Ste. 202
      Plymouth, MA 02360
      508-746-1500

      <u>Trial Counsel for the Defendant</u>

Rayford A. Farquhar
Assistant U.S. Attorney
One Courthouse Way, Ste. 9200
Boston, MA 02210
(617) 748-3284

8. <u>Any Jurisdictional Issues</u>

      None. The Age Discrimination in Employment Act requires this Court to be the trier of fact, and Retaliation under Title VII is tried before a jury.

9. <u>Any Issues Raised by Pending Motions</u>

      The defendant has filed a Motion in Limine to preclude the plaintiff from alleging a claim for constructive discharge. The Postal Service Reasonable Accommodation Committee considered all the information submitted by the plaintiff, including medical documentation from the plaintiff's doctor, and independently determined that the plaintiff did not meet the legal definition of a qualified handicapped employee.[1] The plaintiff was advised, through a letter issued by the Reasonable Accommodation Committee, that she could file an EEO Complaint or pursue a grievance. The plaintiff failed to pursue her rights under the Rehabilitation Act, she cannot now argue that she was constructively discharged by the defendant.

10. <u>Issues of Law, Including Evidentiary Questions</u>

      See the defendant's Motion in Limine.

---

[1] It should be noted that the Reasonable Accommodation Committee did not consist of any of the individuals that the plaintiff alleged harassed her.

4

11. <u>Probable Length of Trial</u>

    One week (9:00-1:00).

12. Any Questions Proposed for the Voir Dire Examination of the <u>Jury Panel and any Proposed Interrogatories to the Jury</u>

    None.

        John E. Potter, Postmaster General
        United States Postal Service,

        By his Attorney

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY


        <u>/s/ Rayford A. Farquhar</u>
        Rayford A. Farquhar
        Assistant U.S. Attorney
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3284

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 4, 2007.

        <u>/s/ Rayford A. Farquhar</u>
        Rayford A. Farquhar
        Assistant U.S. Attorney