```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| DIANNE DULONG,                                )  | |
|                                               )  | |
|     Plaintiff,                                )  | |
|                                               )  | |
|         v.                                    )  | Civil Action No. |
|                                               )  | 04-12552-NG |
| JOHN E. POTTER, POSTMASTER GENERAL,           )  | |
| UNITED STATES POSTAL SERVICE,                 )  | |
|                                               )  | |
|     Defendant.                                )  | |
|                                               )  | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM ALLEGING A CLAIM FOR CONSTRUCTIVE DISCHARGE**

The defendant, John E. Potter, Postmaster General of the United States Postal Service, by and through his Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, herein files his Motion in Limine to Preclude the Plaintiff from alleging a Claim for Constructive Discharge.  As grounds for this Motion the defendant states as follows:

1. The plaintiff alleges that based on her age and/or in retaliation for her two prior Equal Employment Opportunity Complaint dated September 12, 2000 and November 28, 2001, she became an unencumbered employee as of May 3, 2003 when her position was abolished and re-posted as a Mail Process Clerk Bid #MN-22 Pos# SP-2046;

2. The plaintiff subsequently bid for the re-posted position and was the senior bidder for the position;

3. Thereafter, even though the plaintiff was awarded the position, she alleged that she could not work the hours

        posted due to physical ailments (see: Ex. 1), and requested a reasonable accommodation through the Reasonable Accommodation Committee[1];

4. The Reasonable Accommodation Committee, after careful consideration of all the information submitted, including medical documentation from the plaintiff's doctor, independently determined that the plaintiff did not meet the legal definition of a qualified handicapped employee (see: Ex. 1, ¶4). The plaintiff was advised, through this letter issued by the Reasonable Accommodation Committee, that she could file an EEO Complaint or pursue a grievance of their decision. The plaintiff thereafter failed to pursue her rights by filing a complaint under the Rehabilitation Act;

5. The defendant contends that as of July, 2003, the plaintiff was gainfully employed by the United States Postal Service as a Mail Process Clerk Bid #MN-22 Pos# SP-2046. By failing to pursue her rights under the Rehabilitation Act, and by not continuing to work, the plaintiff failed to mitigate her damages with respect to being gainfully employed at any time thereafter;

6. Based on the plaintiff's failure to pursue her rights

---

[1] It should be noted that the Reasonable Accommodation Committee did not consist of any of the individuals that the plaintiff alleged harassed her.

      under the Rehabilitation Act, she cannot now argue that she was constructively discharged by the defendant. See: <u>Connolly v. United States Postal Service</u>, 579 F.Supp 305, 309 (D.Mass. 1984)(plaintiff's claim under the Rehabilitation Act is barred if plaintiff failed to exhaust her administrative remedies by filing a timely complaint with the EEOC);

7. The defendant further contends that since the plaintiff failed to file a complaint pursuant to the Rehabilitation Act, she now cannot argue that she was constructively discharged, and cannot seek damages for any loss of income, retirement benefits, or other monetary compensation, based on unemployment on or after July, 2003.

WHEREFORE, based on the plaintiff's failure to pursue a claim under the Rehabilitation Act, she cannot now argue that she was constructively discharged, and cannot seek damages for any loss of income, retirement benefits, or other monetary compensation, based on unemployment on or after July, 2003.

                              John E. Potter, Postmaster General
                              United States Postal Service,

                              By his Attorney,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                              <u>/s/ Rayford A. Farquhar</u>
                              Rayford A. Farquhar
                              Assistant U.S. Attorney
                              1 Courthouse Way, Suite 9200

```
                                      Boston, MA  02210
Dated: December 4, 2007               (617) 748-3284
```

CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 4, 2007.

```
                                      /s/ Rayford A. Farquhar
                                      Rayford A. Farquhar
                                      Assistant U.S. Attorney
```

# EXHIBIT 1




Manager Human Resources
SOUTHEAST NEW ENGLAND PERFORMANCE CLUSTER
**UNITED STATES POSTAL SERVICE**

COPY

July 7, 2003

Ms. Dianne Dulong
9 Wareham Road
Plymouth MA 02360-3234

Certified Mail # 7002 2410 0003 2664 8287
Return Receipt Requested

Dear Ms. Dulong:

This is in reference to your recent request for permanent accommodations to your regular work assignment as a Mail Processing Clerk at the Cape Cod P&DF. As you know, the Reasonable Accommodation Committee met with you to provide your request with an appropriate assessment.

Your request for accommodation was based upon your inability to work the hours of your new assignment, as well as established limitations on lifting, bending, stooping and fine manipulation, and constant and/or repetitive motion.

EEOC Regulation 29 C.F.R. 1630.2(g) defines a person with a disability as one who: (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of having such an impairment; or (iii) is regarded as having such an impairment. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. 1630.2(l). The interpretive appendix to the Americans with Disabilities Act notes that "other major life activities include, but are not limited to, sitting, standing, lifting, reaching." The regulation defines a "qualified individual with a disability" as a person "who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others..." 29 C.F.R. 1614.203(a)(6). Reflecting this requirement, the EEOC uses a specialized definition of the term 'substantially limits' when referring to the major life activity of working - "Significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."

After careful consideration of all information, the Reasonable Accommodation Committee has determined that you do not meet the legal definition of a qualified handicapped employee. Specifically, you did not articulate how a major life activity was significantly affected by your condition. Therefore, the Reasonable Accommodation Committee has determined that you are not entitled to accommodation under the Law. Assuming that you were able to meet the legal definition of a qualified individual with a

24 CORLISS STREET
PROVIDENCE RI 02904-9994

TEL: 401-276-6961
FAX: 401-276-6968

#4  3-4

PAGE 206

D0014

- 2 -

disability, your present restrictions preclude you from performing the essential functions of your bid position with or without reasonable accommodation.

You may appeal this decision within 10 business days by making a written request for consideration, directly to me. Additional information to support your request may be provided. You will be notified in writing of my decision in this matter.

You will recall that during the course of the interactive meeting several options were explored with you, including reassignment to another position/office, rearranging administrative duties, and changes in your work hours. While we looked into rearranging administrative duties, as you suggested, the fact remains that you are unable to meet the schedule requirements of the mail processing work. In addition, the duties belong (contractually) to another employee. We explored Clerk craft positions in Duxbury, Tiverton, Marshfield and West Warwick, but we found that the vacancies in those offices are not compatible with and/or could not be modified to meet your limitations and restrictions. If you are aware of other vacancies where the duties of the position will not exceed your limitations, please feel free to let me know.

Based upon our analysis, I must inform you that your options as they relate to your continued employment with the Postal Service are, regrettably, limited. You may wish to pursue a disability retirement through the Office of Personnel Management, which will make a determination as to whether you meet the criteria to retire. The Personnel Services office can provide you with counseling in this regard and assist you with processing the proper paperwork. Please contact Debra DeSantis at (401) 276-3942 if you wish to explore this option. Another option would be for you to contact Steve Turcotte, Workplace Intervention Analyst at (401) 276-6928 to pursue other options, including career counseling, for you.

Whether you decide to request reconsideration as described above, you have the right to file an EEO complaint or to pursue union grievance procedures. For an EEO complaint pursuant to 29 C.F.R. 1614, contact a Dispute Resolution Specialist within 45 days from the date of receipt of this notice.

Sincerely,

*[signature]*

Ann Mailloux

RCMiles:iep:9421